HENRY ROLETTE v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 27, 1903.

Nos. 13,734—(69).

**Passenger Riding on Platform of Car.**

The mere fact that there are no seats in railway cars does not justify a person in riding on a platform while the train is in motion, for so long as he can find standing room, by reasonable effort, on the inside, it is his duty to be there. Where it is unnecessary to stand or ride upon a platform, going there or standing there is such negligence as will prevent a recovery for personal injuries received.

[1] Reported in 97 N. W. 431.

**Contributory Negligence.**

If a car be so crowded that a reasonably prudent man would conclude that he could not get inside without unreasonable pushing and crowding his way by main force, the question as to whether or not he is guilty of contributory negligence, when injured because of riding upon the platform, is one for the jury, under proper instructions.

**Injury to Passenger.**

The mere fact that a passenger is injured while necessarily standing upon the platform is not in itself a cause for action against a railway company, for there must be some intervening act attributable to the company, and causing the injury, in order that the passenger can recover. If the accident is caused by the act of the plaintiff himself, or by that of another passenger, the act not being the natural consequence of the company's negligence, it is not liable.

**Warning to Passenger.**

It stands admitted that the plaintiff, a passenger, was notified and warned by the conductor of the danger of standing on the platform, and was ordered to go inside the cars, and that he wholly disregarded the warning and order. *Held*, that when he. was told to go inside the cars it was his duty to go, or at least to try and find a place therein. *Held*, further, that on the testimony the jury was not warranted in concluding that plaintiff made proper effort to find standing room, or that it could not be found inside the cars.

Action in the district court for Wadena county to recover $10,568.50 for personal injuries sustained by plaintiff while a passenger on an excursion train on defendant's railway. The case was tried before Jaggard, J., sitting for the judge of the Seventh judicial district, and a jury, which rendered a verdict in favor of plaintiff for $1,500. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Geo. H. Reynolds* and *M. L. Countryman,* for appellant.

From the undisputed evidence in the case, and the testimony taken most favorable to respondent, it appears that respondent was guilty of contributory negligence. The overcrowding of the cars upon which respondent was a passenger was not the proximate cause of the injury complained of. Worthington v. Central, 64 Vt. 107; Camden v. Hoosey, 99 Pa. St. 492; Fisher v. West Virginia, 42 W. Va. 183; Graville v. Manhattan, 105 N. Y. 525; Malcom v. Richmond, 106 N. C. 63;

Scheiber v. Chicago, St. P., M. & O. Ry. Co., 61 Minn. 499; Ward v. Chicago, 102 Wis. 215; Hardenbergh v. St. Paul, M. & M. Ry. Co., 39 Minn. 3; Cleveland v. Moneyhun, 146 Ind. 147; Louisville v. Bisch, 120 Ind. 549; Goodwin v. Boston, 84 Me. 203; Chicago v. Carroll, 5 Bradw. (Ill.) 201; 2 Wood, R., § 308, note 3; Beach, Cont. Neg. § 149; Quinn v. Illinois, 51 Ill. 495; Hickey v. Boston, 14 Allen, 429.

*P. V. Coppernoll,* for respondent.

COLLINS, J.[2]

This action was brought by a passenger on an excursion train to recover for personal injuries received by him, alleged to have resulted from the negligence of defendant in overcrowding its train to such an extent that plaintiff could find no sitting or standing room in any of the coaches, and was thereby compelled to stand upon the platform between two of the cars, from which he was jostled off by a fellow passenger. There was no allegation in the complaint, and no testimony introduced at the trial tending to show, that defendant was running its train at an excessive rate of speed, or that by a sudden lurch or jerk of the train the plaintiff was thrown from the platform. It appears that the plaintiff boarded the coach nearest the locomotive while the train was standing at the Cass Lake station, that he passed through four cars in endeavoring to find a seat, and that he was unable to do so, according to his testimony. He admitted, when testifying, that he was not looking for standing room when he passed through these coaches. When he reached the front platform of the fifth coach, he found the door locked, and was unable to proceed further. He remained upon the platform with other men, and soon after the train started was jostled or pushed off by one of his companions, and fell from the train, receiving the injuries complained of.

It is undoubtedly the law, as settled in the best-considered cases, that the mere fact that there are no seats in the cars does not justify a person in riding on the platform, for, so long as he can find standing room, by reasonable effort, on the inside of the cars, it is his duty to remain there; and also that, where it is unnecessary to stand or ride upon the

[2] START, C. J., absent, sick, took no part.

platform, going there or standing there is such negligence as will pre-
vent a recovery for personal injuries received; and, further, that while
it is true that it was a duty incumbent upon the defendant to furnish
a seat for the plaintiff, and not merely standing room in the aisle of the
car, the mere fact that he was compelled to accept standing room, espe-
cially on an excursion train, would not justify him in voluntarily leaving
a place of safety, such as the inside of a coach, and going to one of peril
—a platform, for instance.

It is well known that passengers on excursion trains expect more or
less discomfort, and must endure it.    They are carried at greatly re-
duced rates, and must anticipate crowded conditions of the coaches.
If they assume dangerous places, it must be upon the ground of neces-
sity alone.    If such places are assumed as a matter of choice, and in-
jury results, there can be no recovery.    The rule is well stated as fol-
lows:  "It has been frequently held that a passenger who voluntarily
and unnecessarily rides upon the platform of a railway car assumes the
risks which necessarily attend that exposed position;  but, on the other
hand, it has also been held that a passenger is not, as matter of law,
guilty of negligence in standing on the platform of cars, ever while in
motion, if there is no room inside; nor is such passenger required to to-
tally disregard the courtesies of life by violently pushing and crowding
his way by main force through a crowd of people in order to reach the
inside of the car.  *   *   *   Such a rule would make the question of
negligence depend upon the brute strength of the passenger.   If the car
be so crowded that a reasonably prudent man would conclude that he
could not get inside without unreasonably pushing and crowding his
way by main force, and so would conclude to ride upon the platform, the
question as to whether he is guilty of contributory negligence, or has
assumed the extraordinary risks of that position, is one for the jury,
under proper instructions."   Ward v. Chicago, 102 Wis. 215, 78 N. W.
442.

While the testimony of witnesses in the nature of opinions was re-
ceived to the effect that these coaches were crowded, and that a large
number of persons were standing in the aisles of each, there was no
testimony whatever which would justify a finding of the jury that the
plaintiff was compelled to remain upon the platform.   In fact, if we
believe his own statement, this platform was crowded much more than

the inside of the cars, and also that he went there simply because it was cooler than elsewhere. This clearly appears from facts and circumstances which no one attempts to controvert. The plaintiff himself, when looking for a seat, passed through four cars without noticeable difficulty before he reached the platform from which he fell. There is not a particle of testimony tending to indicate that he could not have remained in one of these cars, possibly with more or less discomfort, but certainly in safety. It was also shown by his own testimony that before and after the train started passengers were moving from one coach to another, and the mere inconvenience and discomfort of being jostled in the aisle by these and other passengers would not justify the plaintiff in going to a place which he knew was dangerous. Again, one of his own witnesses, who stood upon the platform, and thinking, as he expressed it, that it was getting too wild there, went inside the fifth coach just before the accident happened, and found no difficulty in finding a seat upon the top of a coal bin standing in the corner of the car. Other testimony offered by plaintiff tended to show that while the cars were crowded, there was no lack of standing room inside.

The case seems to have been tried upon the part of the plaintiff's attorney upon the theory, supported by Willis v. Long Island, 34 N. Y. 670, that the plaintiff was entitled to a seat, and, if none was furnished him, he was justified in going upon the platform. It is to be noticed that in the Willis case the accident was caused by an obstruction upon the track, and that in several other cases cited by counsel the accident was caused either by a sudden lurch of the train or by a defective track; a crowded car having nothing to do with the resulting accident. Such cases are not in point, and we expressly decline to adopt the doctrine that, because a seat is not furnished a passenger, he may go into a place of well-known danger, and, if injured, recover damages. The best-considered cases, in our judgment, are to the contrary. Worthington v. Central, 64 Vt. 107, 23 Atl. 590; Camden v. Hoosey, 99 Pa. St. 492; Fisher v. West Virginia, 42 W. Va. 183, 24 S. E. 570; Cleveland v. Moneyhun, 146 Ind. 147, 44 N. E. 1106; Louisville v. Bisch, 120 Ind. 549, 22 N. E. 662; 2 Wood, R. § 308, and note; Beach, Cont. Neg. § 149.

It seems to be well settled that, even though a passenger is compelled to stand upon the platform of a car by reason of his inability to find

sitting or standing room inside, the mere fact that he is injured while so standing is not in itself a cause for action against a railway company, for there must be some intervening act attributable to the latter and causing the injury, in order that the passenger can recover. If the accident is caused by the act of plaintiff himself, or by the act of another passenger, the act not being the natural consequence of the company's negligence, it is not liable.

Another good reason exists why this verdict should not stand. When the conductor, while taking tickets, found plaintiff on the platform, he warned him of the danger, and directed him to go into a coach. He wholly disregarded the warning and direction. This was testified to by the conductor, and stood admitted by the plaintiff. When the latter was ordered to go inside the coach, it was his duty to go, or at least to try to find a place therein, and he failed to do so. The court so charged thus:

> "If you find from the evidence that the conductor or brakeman informed the plaintiff, or informed other persons in his presence, that he or they was or were in a dangerous position, then it became and was the duty of the plaintiff to go into the car, and at least try to find a safe place, and a failure so to do would preclude a recovery in this action."

As the facts to which this part of the charge pertained were not in controversy, we are unable to see why the court did not instruct that a verdict be rendered for defendant. There was no issue of fact to which this instruction had any reference.

It is further to be noticed that from the testimony it did not appear that the act of the party who pushed or jostled the plaintiff from the platform resulted from any negligence on defendant's part. It might have been the result of scuffling or pushing which was not caused by the crowded condition of the cars or of the platform, and for which defendant could not be held liable under any aspect of the case.

Order reversed.