pay the amount of the judgment herein and the costs, in the supplementary proceedings, and the amount to be paid to the receiver herein as compensation for services. The order contains no reference to such order. We are of the opinion that the order appealed from should be modified so as to provide that upon the payment of the judgment herein, with interest, and the $30 costs in the supplementary proceedings, the motion setting aside the sale should be granted.

We cannot fix the amount of the compensation of the receiver, because the papers do not show the amount of services he has rendered.

The order appealed from should be modified in the respect above suggested, and, as modified, affirmed, without costs of appeal to this court.

---

### KUPERSCHMIDT v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.   May 23, 1905.)

STREET RAILROADS—PERSONAL INJURIES—EVIDENCE—ADMISSIBILITY.
In an action against a street railroad for injuries received by plaintiff in a collision between a wagon he was driving and a car, testimony of a witness who was a mere spectator that when he saw the car pushing the wagon along he called out to the motorman, "Why don't you stop the car?" was no part of the res gestæ, and was, therefore, inadmissible.

Appeal from City Court of New York, Trial Term.

Action by David Kuperschmidt against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.

George Sanders (J. Campbell Thompson, of counsel), for respondent.

SCOTT, P. J.   In this action it was the plaintiff's contention that, after he had driven onto the defendant's track at a safe distance in front of an approaching car, his wagon was pushed for a distance, and finally crushed up against an Elevated Railway pillar. It was very important whether plaintiff's injury was received immediately upon the happening of the collision, or whether it resulted in the persistence of the motorman in pushing the wagon ahead. One of the plaintiff's witnesses, who did not see the first impact between the car and the wagon, did testify that he saw the car pushing the wagon along. He was permitted to testify that when he saw this he called out to the motorman "Why don't you stop the car?" The reception of this evidence was duly excepted to, and constituted, in our opinion, reversible error. The witness did no act which contributed to the accident, and was in no wise associated with its happening, but was a mere spectator. His declarations or exclamations constituted no part of the res gestæ, and were therefore inadmissible. Ehrhard v. Met. St. Ry. Co.,

69 App. Div. 124, 74 N. Y. Supp. 551. The only effect of permitting the testimony to be received was to corroborate the testimony of the witness that the car was pushing the wagon. For this purpose it was incompetent. The case was a close one upon the evidence, and we may not say that the reception of this evidence did not influence the verdict. It is true, as pointed out by the respondent, that defendant's counsel did not formulate his objection to the reception of this evidence; but it was not necessary to do so, because there was no aspect of the case in which the evidence could have been proper. Furthermore, the court had already announced, before the answer was given, that it would receive the evidence. The counsel for the respondent, in his address to the jury, permitted himself to indulge in statements and insinuations which find no support in the evidence and were clearly improper. This furnishes an additional reason for reversing the judgment.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur.