Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Anna Binder against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

William E. Weaver, for appellant.

I. Seymour, for respondent.

McCALL, J. This is an action brought to recover damages for injuries received in an accident, the happening of which, the plaintiff alleges, is attributable solely and alone to the negligent handling and operation of defendant's cars by its employés. The testimony of the plaintiff shows that she started to cross Third avenue at Seventy-Seventh street, going from east to west; that before she stepped from the northeast corner she looked north and south, and saw cars in both directions—one at Seventy-Eighth street south bound, and one at Seventy-Sixth street north bound; that she then stepped off the curb, and started westwardly, passed over the tracks that carried north-bound cars, and that, as she went on the rails which the south-bound cars traveled, she was struck, the car coming so quickly she could not save herself. The record is absolutely devoid of any evidence which would show that her attention had been distracted, or that any obstruction blocked her view, or prevented observation of the car in the exercise of the care law imposes as a duty. The proof is somewhat unsatisfactory that plaintiff looked a second time, but, accepting her testimony as correct on this point, it would seem that the second observation she made was when the car was right upon her, and it was occasioned by the danger that then menaced her. Upon the whole, we are not satisfied on this record that she has successfully borne the burden of proving herself free from contributory negligence, and hence should not have prevailed, and the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

FISHBLATT v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. June 28, 1906.)

TRIAL—MISCONDUCT OF COUNSEL—ACTION OF COURT.

Where plaintiff's counsel in addressing the jury persisted in making charges and accusations not supported by the evidence, and tending to prejudice the jury against defendant, a mere instruction that the jury should base their verdict on the evidence did not destroy the effect of counsel's misconduct, but it was cause for reversal.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 285, 316.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Annie Fishblatt against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

William E. Weaver, for appellant.

Wasserman & Jacoby, for respondent.

PER CURIAM. In the course of his summing up plaintiff's counsel repeatedly indulged in remarks which clearly tended to arouse the prejudice of the jury against the defendant. Notwithstanding the objction of defendant's counsel and the caution of the court, plaintiff's counsel persisted in charges and accusations in nowise supported by the evidence. The sole purpose of the impassioned appeal to the jury was to create a bias, and we cannot say that that purpose was not accomplished. Upon three separate occasions the defendant's counsel moved that a mistrial be declared. In each instance the motion was denied, and an exception taken.

The motion should have been granted. The insinuative effect on the jury was not removed by the instructions of the justice. The improper conduct of the plaintiff's counsel was so pronounced and persistent that the mild observation of the judge to the jury that they should base their verdict on the evidence alone did not eliminate the false impressions which they must have gained. Benoit v. N. Y. C. & H. R. R. Co., 94 App. Div. 24, 30, 87 N. Y. Supp. 951; Cosselmon v. Dunfee, 172 N. Y. 507, 65 N. E. 494; Kuperschmidt v. Met. St. Ry. Co., 47 Misc. Rep. 352, 94 N. Y. Supp. 17.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.