[Louisville & Nashville R. R. Co. v. Mason.]

# Louisville & Nashville R. R. Co. *v.* Mason.

## *Damage to Passenger.*

(Decided January 15, 1914.  64 South. 154.)

1. *Carriers; Passengers; Wrongful Ejection;· Complaint.*—Where the complaint alleged that plaintiff purchased and had in his possession a ticket over defendant's road, that when the ticket was demanded by the conductor, plaintiff had misplaced it, and that the conductor, though informed of this fact, ejected him without allowing him a reasonable time to produce the ticket, it was not demurrable for failure to show that the ejection was wrongful or unlawful.

2. *Same; Damages.*—Where the passenger had a ticket and informed the conductor that he had one, but had misplaced it, and was endeavoring to produce it, and in wanton, willful or knowing disregard of a passenger's right, to a reasonable time within which to produce the ticket, the conductor immediately stopped the train and ejected the passenger, the jury was warranted in inflicting exemplary damages, notwithstanding the ejection was not accompanied by any insulting language to or rough handling of the passenger; a wrongful ejection, though the action be for a breach of the contract, incidentally involves a trespass vi et armis, and the passenger by yielding to slight force does not thereby escape the indignity resulting from the assault, the unjust imputation, the humiliation or the physical inconvenience in getting to his destination.

3. *Appeal and Error; Harmless Error; Pleading.*—Where a party is allowed the benefit of the facts admissible under a plea to which demurrer was sustained, on the theory that they were provable under the general issue, no harm resulted to him from sustaining demurrers to such plea, whether the facts were provable under the general issue or not.

4. *Carriers; Passengers; Ejection; Evidence.*—Where plaintiff testified that he informed the conductor that he had a ticket, but had misplaced it, and that the conductor without waiting for him to find it, put him off, the testimony of another witness that he also told the conductor that plaintiff had a ticket, and asked him not to put plaintiff off, was admissible as a part of the res gestæ and as shedding light on the conduct and motive of the conductor.

5. *Charge of Court; Duty to Request; Misleading.*—Where a party deems any portion of the charge of the court or requested charges given to be misleading, it becomes his duty to request an explanatory instruction.

6. *Same; Degree of Proof Required.*—Instructions asserting that if the minds of the jury are in a state of confusion as to the facts in issue, they cannot find for the plaintiff, are properly refused.

7. *Trial; Argument of Counsel; Matters Not In Issue.*—It was highly improper for plaintiff's counsel in its closing argument, after

cautioning the jury against a quotient verdict to state "that if they reached the verdict in that way, as soon as the jury room was cleared, there would be somebody there picking up scraps of paper to see if there was a quotient verdict, that if they found anything there that looked like a quotient verdict, they would have the same set aside and that when you go and get a verdict for this plaintiff or any other plaintiff in this state against a corporation, they have got to guard against everything," as such matters were not in evidence, and could not be properly introduced in evidence; but while highly improper such remarks will not work a reversal where it did not appear that the rulings of the trial court with respect thereto was promptly invoked.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Thomas E. Mason against the Louisville & Nashville Railroad Company for damages for ejection. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 1 as amended is as follows: "Plaintiff claims of defendant $1,000 as damages and for cause of action plaintiff avers: That on, to wit, March 20, 1910, defendant was engaged in operating its passenger train over a railway line between Bessemer, Jefferson county, Ala., and Sumter, Jefferson county, Ala., and over what is known as the Birmingham Mineral Railroad Company, as a common carrier of passengers. He purchased of defendant's agent at Bessemer, Ala., a ticket for passage on defendant's said train from Bessemer, Ala., to said station Sumter, Ala., and paid defendant's agent for the same, said ticket, which was delivered to plaintiff at the time of said purchase. That plaintiff, after having purchased and procured the possession of said ticket aforesaid, then boarded defendant's said train at Bessemer, Ala., to be carried thereon to said station Sumter, Ala. Defendant's conductor in charge and control of defendant's said train demanded of plaintiff his ticket, at which time plaintiff had misplaced said ticket in his clothing, and, plaintiff having informed defendant's said conductor that he had and did

possess the ticket, and had misplaced same, plaintiff avers that, on informing defendant's conductor aforesaid, and without giving plaintiff a reasonable time within which to find his ticket, defendant's said conductor in charge and control of said train willfully, wantonly, or intentionally ejected plaintiff from defendant's said train, and thereby wantonly, willfully, or intentionally caused plaintiff to lose the money he paid for said ticket, detained him overnight from his home, caused him to pay out money for lodging, to be humiliated and chagrined by being ejected in the presence of other people on said train, caused him great mental worry, compelled him to walk back the distance of one mile, all to his damage as aforesaid."

TILLMAN, BRADLEY & MORROW, and E. L. ALL, for appellant.   The first count of the complaint as amended was subject to the demurrer interposed, and the court erred in overruling it.—*L. & N. v. Mason,* 58 South. 963. The court was in error in sustaining plaintiff's demurrer to defendant's plea 9.—*B. R. L. & P. Co. v. Baird,* 130 Ala. 334.   The court erred in permitting the witness to state that he told the conductor that plaintiff had a ticket.   The court was in error in permitting the argument of counsel objected to.   The court was in error in charging that under certain conditions punitive damages might be awarded.—*L. & N. v. Cornelius,* present term.   The court erred in refusing the charges requested.—*B. R. L. & P. Co. v. Saxon,* 59 South. 349.

PINKNEY SCOTT, for appellee.   There is no error in the rulings on the pleading.—*L. & N. v. Mason,* 58 South. 963.   The case of *Birmingham R. L. & P. Co. v. Baird,* 130 Ala. 334, has no application to this case.   It was competent for plaintiff to show by another that

plaintiff had a ticket and so told the conductor. This was competent on the question of wantonness, as well as being a part of the res gestae.—*B. R. L. & P. Co. v. Nolan,* 134 Ala. 329; *Wilkerson v. Searcy,* 76 Ala. 181. Quotient verdicts have been condemned by the Supreme Court and counsel had a right to warn against them.— *So. Ry. v. Williams,* 113 Ala. 620. Counsel discusses the charges assigned as error, but without further citation of authority.

THOMAS, J.—Upon the subsequent trial of this case, after its reversal here on former appeal (*L. & N. R. R. Co. v. Mason,* 4 Ala. App. 353, 58 South. 963), the first count of the complaint as then amended, which the reporter will set out, was demurred to on numerous grounds, among them being the ground—the only one insisted upon here as being good—that the count stated no cause of action, in that it failed to show or allege that the ejection complained of was wrongful or unlawful. The demurrer was overruled, and in this we are of opinion that the trial court committed no error. The facts set forth in the count show a right on the part of the plaintiff as the holder of a ticket to be on that train, and that he informed the conductor, when his ticket was demanded, that he then had it on his person, but had misplaced it—which fact placed upon the conductor the duty of allowing him a reasonable time within which to find it—and a breach of that duty is alleged, in that it is alleged that the conductor ejected him, without allowing him such reasonable time, which was wrongful.—*L. & N. R. R. Co. v. Mason, supra; Maples v. N. Y. & New Haven R. R. Co.,* 38 Conn. 55, 9 Am. Rep. 434; 5 Am. & Eng. Ency. Law, 596; 9 Cyc. pp. 522-552.

The defendant pleaded, in professed confession and avoidance, a special plea, setting up in effect that be-

[Louisville & Nashville R. R. Co. v. Mason.]

fore the expiration of that reasonable time the conductor ejected the plaintiff, not because he did not promptly present his ticket, but because the plaintiff was intoxicated, and was then using abusive and obscene language on the train in the presence of the other passengers, and that his ejection was to prevent their annoyance, and that no more force was employed to this end than was reasonably necessary. While in some cases of ejection it seems to be held or assumed that a special plea is necessary in order to get the benefit of the defense set up in the plea here (*Moore v. N. & Chat. & St. Louis Ry. Co.*, 137 Ala. 503, 34 South. 617; *So. Ry. Co. v. Lynn*, 128 Ala. 297, 29 South. 573), yet it seems to us that in this case such a defense is admissible and properly available under the plea of the general issue, since the facts set forth are more in the nature of a traverse, rather than of a confession and avoidance, of the said count, which the plea assumes to answer, and which count we construe as averring that the plaintiff was ejected for no other reason than that he did not instantly produce, though the law allowed him a reasonable time in which to produce, his ticket on demand, which he had misplaced about his clothing, and of which fact he informed the conductor. Any facts, therefore, which show, as the special plea did, that the conductor rightfully ejected the plaintiff for other reasons or on other grounds than the one alleged in the count are, it occurs to us, in denial rather than in justification of the wrong alleged. However this may be, the court will not be put in error for sustaining the demurrer to the plea, since it appears that the defendant was in fact allowed, without objection, the benefit of the plea under his plea of the general issue. Clearly, however, the facts set forth in it were not established.

While the evidence shows, and the plaintiff admitted, that he was somewhat under the influence of liquor, it further shows that his conduct was not in the least boisterous nor his language either loud, abusive, or obscene; nor does the conductor place his ejection of him on either of these grounds. He says: "On leaving here [Bessemer] that Sunday afternoon, I worked the colored car first, then the front end of the smoker, and went on back to the rear end of the smoker, and found Mr. Mason [the plaintiff] standing up against the door [with others, the car being full]. I asked him for his ticket, and he told me he did not have any, and that he would pay me, or give me a ticket when I got to Sumter. I told him I could not wait on him for a ticket, and that he must give me a ticket, or I would have to put him off. He replied, 'I have got no money and no ticket, but will pay you if you haul me,' and, calling me by name, said, 'You know me well, and I ride with you often,' or something to that effect; and I then stopped the train, and let him down—held him after I led him off the steps to keep him from falling." On the other hand, the plaintiff testified that he purchased and boarded that train with his ticket—a statement in which he was borne out by his other witnesses, and which none of the defendant's witnesses denied, but which one of them practically admitted in testifying that he saw the plaintiff with the ticket shortly after his ejection, puting it at a time and place which made the plaintiff's possession of the ticket inconsistent with any other theory than that he must have also had it while he was on the train. The only material conflict in the evidence is as to what took place at the time the conductor demanded on the train a ticket of the plaintiff.

We have already given the conductor's version of what occurred then, which was all the evidence for de-

fendant on that subject. To the contrary, the plaintiff's evidence tended to show that, when the conductor called on him for a ticket, he informed him that he had one, but had misplaced it in his pocket, and was then in the act of feeling through his pockets, endeavoring to locate it, when the conductor, without waiting at all, pulled the bell cord, stopped the train, and immediately put him off. Another witness who knew that plaintiff had the ticket, testified that he also told the conductor that the plaintiff had one, and asked him not to put him off. This latter evidence was clearly admissible as a part of the res gestae (*A. G. S. R. R. Co. v. Tapia,* 94 Ala. 230, 10 South. 236), and as shedding light on the conduct and motives of the conductor. If the jury believed from the evidence that the plaintiff had a ticket, and informed the conductor when he approached him for it that he had one, but that he had misplaced it in his pocket, and was then endeavoring to get it and produce it, and the conductor, in wanton or willful and knowing disregard of the plaintiff's right to be allowed a reasonable time within which to find his ticket, immediately stopped the train, and ejected the plaintiff, giving him no chance to find and produce his ticket, then the jury would be warranted, we think, in inflicting punitive damages, although, as it appears, the ejection was not accompanied with any insulting language or rough handling of plaintiff's person.—*L. & N. R. R. Co. v. Bizell,* 131 Ala. 434, 30 South. 777; *Wilkinson v. Searcy,* 76 Ala. 180. The wrongful ejection of a passenger from a train, though the action be in case for a breach of duty arising out of a contract, incidentally involves a trespass vi et armis of a serious character. His wise discretion in yielding to slight force, rather than resisting and bringing on, as he knows, a greater force, may save him of physical injury, though not of

the indignity to his person resulting from the assault, and not of the unjust imputation upon his character, and not of the humiliation he must consequently bear, and not of the physical inconveniences he must suffer subsequent to the ejection in getting to his destination. For some of these a man cannot be adequately compensated in money, and when another wrongfully, knowingly, and wantonly or willfully brings them about, the law, in order to prevent a recurrence, permits a jury, in its discretion, to punish the offender by the infliction of exemplary damages —*L. & N. R. R. Co. v. Bizell, supra.* As to what was the proper inference from the evidence was for the jury to decide, and the court did not err in submitting the question to them.

The portions of the oral charge of the court which were excepted to by the defendant and assigned as error here were, when read in connection with the balance of the charge, which is set out in full in the bill of exceptions, free from error. If the defendant deemed any portion misleading, it should have requested an explanatory instruction.—*So. Ry. Co. v. Wildman,* 119 Ala. 565, 24 South. 764.

The trial court will not be put in error for refusing the charge requested by the defendant to the effect that, if the minds of the jury are in a state of confusion as to whether or not plaintiff informed defendant's conductor that he had a ticket, the jury could not find for plaintiff. Our Supreme Court has recently passed on this question, and overruled the previous decisions upholding such charges.—*A. G. S. R. R. Co. v. Robinson* (Sup.) 62 South. 813.

The defendant assigns as error here certain remarks of the plaintiff's counsel in his concluding argument to which objection was then made by defendant, but which was overruled by the court. It is a well-established rule

that it is error for the court to suffer counsel, against objection, to state facts pertinent to the issue and not in evidence, or to state or comment upon facts calculated to prejudice which have no bearing whatever upon the issues, and evidence of which would have been ruled out, or to assume arguendo such facts to be in the case when they are not.—*Cross v. State,* 68 Ala. 478; *Com-Fire Ins. Co. v. Allen,* 80 Ala. 579, 1 South. 202; *East Tenn. Va. R. R. Co. v. Bayliss,* 75 Ala. 466; *Moody v. A. G. S. R. R. Co.,* 99 Ala. 556, 13 South. 233; *East Tenn. Va. R. Co. v. Carloss,* 77 Ala. 443. Here the plaintiff's counsel, after cautioning the jury against a quotient verdict, adds: "If you reach a verdict by making it in that way, as soon as the jury room is cleared, where you have been, there will be somebody there picking up scraps of paper to see if there is a quotient verdict, and, if they find anything there that looks like that, they will bring it in, and have it set aside, so, when you go and get a verdict for this plaintiff, or any other plaintiff in this state, against a corporation, you have got to guard against everything." Here was a statement, as of a matter of fact, not in evidence, and that could not properly be introduced in evidence, implying that the defendant corporation and all other corporations, unlike individual litigants, were dishonest and unwilling to be bound, like individuals, by the adjudications of that jury or any other jury, but that, whenever a verdict was rendered against one of them, you had "to guard against everything" to prevent them from getting it set aside. This may be true, and yet their cases should not be prejudiced in the eyes of the jury because they resort to lawful methods to this end. It is never wrong in law to do what the law says is right, and counsel is entirely out of his place in urging the contrary upon a jury. And on the other hand, if unlawful methods not in evi-

dence, and not material to the inquiry, have been resorted to in other cases, it is equally improper for counsel to state them for the purpose of prejudicing the jury in the case under investigation. The unlawful acts of a corporation are to be punished, not by finding a verdict against them on general principles in a suit not involving those acts, but by proper suit or prosecution to that end. The remarks of counsel which we have quoted were made in the closing argument for the plaintiff, and when defendant was deprived of all opportunity to answer them, and when his only means of offsetting their deleterious effect was to object to them, and get them excluded by the court on motion, which the court declined to do. They were highly improper, as said (*Galveston R. Co. v. Kutac,* 72 Tex. 643, 11 S. W. 127) ; but whether or not under the Alabama authorities they are sufficient to reverse the judgment appealed from we need not decide, since it does not appear that the rulings of the trial court with respect thereto were promptly invoked (*B. R. L. & P. Co. v. Gonzalez* [Sup.] 61 South. 84). In the case cited our Supreme Court, speaking to this proposition, said: "Although the record shows that the objections were separately made to each statement during the closing argument, it does not show that they were called to the court's attention at the time each statement was made. This may well have been done under this recital an hour or more after the objectionable statements were made by counsel, and doubtful recitals must be construed most strongly against the exceptor."

We have discussed the only questions raised in brief, and, finding no error, the judgment of the lower court is affirmed.

. Affirmed.