## Southern Railway Co. *v.* Hayes.

### *Injury to Passenger.*

(Decided May 13, 1915.    Rehearing denied June 13, 1915.
69 South. 641.)

1. *Negligence; Contributory; Pleading.*—As a general rule, contributory negligence is an affirmative defense, and must be specifically pleaded.

2. *Carriers; Passengers; Injury to; Contributory Negligence.*— Where the conductor told a passenger that there were no unoccupied seats on the inside of the coach, and such passenger remained on the platform along with other passengers, with the knowledge of the train crew, and such train crew ran the train at such great speed as to cause it to lurch, throwing plaintiff to the platform, plaintiff was not guilty of such contributory negligence as to bar recovery by reason merely of being on the platform.

3. *Appeal and Error; Harmless Error; Pleading.*—Where defendant received the benefit of the matters set up in pleas to which demurrers were sustained, in other pleas to which no demurrers were sustained, the sustaining of the demurrer was harmless, if error.

4. *Carriers; Passengers; Injuries; Contributory Negligence.*—Where a passenger was forced to stand upon the platform because of the crowded condition of the cars, and she was injured by being thrown to the floor of the platform by the sudden lurching of the train—the injury being such as might have occurred had she been standing inside the coach—her standing on the platform was not such contributory negligence as would bar recovery, since it was not the proximate cause of the injury.

5. *Same.*—Where a passenger on a train exercised due diligence to ascertain whether there was a seat for her in the car, and it

[Southern Railway Co. v. Hayes.]

appeared to her that there was no available space on the inside, although as a matter of fact there was standing room, her action in riding on the platform was not negligence contributing to her injury, where she was thrown to the platform floor by the lurching of the train.

6. *Same.*—It was a question for the jury whether or not there was a real or apparent necessity for the passenger to ride on the platform on account of the crowded condition of the car, as it appeared to her after the exercise by her of due diligence to ascertain if she could obtain a seat therein.

7. *Same; Instructions.*—In such a case a-charge asserting that necessity alone could warrant plaintiff at the time in question in taking up her position on the platform, if the train was rapidly moving at the time, and said platform was an obviously unsafe place to ride, was misleading, since an apparent necessity for so riding would have excused the plaintiff as would necessity itself.

8. *Charge of Court; Covered by Those Given.*—Charges are refused without error where substantially the same proposition was covered in written instructions given.

9. *Carrier; Passengers; Injury; Instructions.*—A charge asserting that it was negligence, except under special circumstances, for a passenger to stand on the platform of a car of a rapidly moving train, was properly refused, since it stated as a matter of law there are special circumstances under which it is not negligence for a passenger to ride on a platform of a rapidly moving train, but gives no information as to such circumstances, and so refers a question of law to the jury.

10. *Same.*—A charge asserting that if defendant found the seats in the day coach occupied by other passengers, she had a right to take a seat in the dining car, if such a car was a safe place, and safer than the platform, tended to mislead the jury to conclude that it was plaintiff's duty to seek the dining car rather than to stand on the platform.

11. *Same; Duty; Furnishing Seats.*—It is the duty of a carrier of passengers to furnish such passengers with seats, as the law imposes the duty of exercising the highest degree of care, skill and diligence in the transportation of passengers.

12. *Same; Jury Question.*—Under the evidence in this case, it was a question for the jury whether the railroad company was negligent in injuring a passenger riding on a car platform because of the crowded condition of the car.

13. *Same.*—Under the evidence in this case it was a question for the jury to determine whether plaintiff was guilty of contributory negligence in riding upon the platform of the car because of the crowded condition of the same.

14. *Same; Instructions.*—In such case, the evidence having shown that the train made no stop between the towns between which plaintiff received her injury, and that it was in motion when plaintiff took up her position on the platform, a charge asserting that if defendant's train was overcrowded, and plaintiff could not obtain the accommodation to which she was entitled, she had a right to refuse to ride

upon such train, and if she elected to ride upon the train and voluntarily assumed an obviously hazardous position thereon, it was her duty to protect herself from being thrown to the floor by any lurch not more violent than the necessary lurching incident to a rapidly moving train operated with due care, was properly refused as likely to confuse the jury.

15. *Same; Riding on Platform; Compulsion.*—A passenger riding upon a train is not under duty to the carrier to pay the additional fare required to ride in the Pullman or sleeping car, and if such an one finds the day coach so crowded that he cannot enter with reasonable effort, and the conductor fails to provide a seat on request, riding on the platform is in law a compulsion or necessity.

16. *Same.*—If a passenger on a railroad train, by reason of its crowded condition, can find no unoccupied seat, and of necessity reasonably apparent stands on the platform, and while there prudently guarding herself from being thrown down, such situation being known to the train crew, who nevertheless runs the train at such a careless rate of speed as to cause plaintiff to fall and be injured, the railroad is liable.

17. *Same; Evidence; Opinion.*—In such a case the question to plaintiff, "State how you came to leave the Pullman car?" was not improper as calling for the opinion, or uncommunicated motive of the witness. Such being intended to elicit from the witness what occurred just previous to her leaving the Pullman car.

18. *Same.*—In such a case plaintiff's testimony that upon reaching the platform of the day coach after leaving the Pullman car, the passengers standing there told her she could not get into the day coach because of its crowded · condition, was competent, since the apparent necessity for remaining on the platform excused plaintiff from ·an imputation of contributory negligence by so remaining, just as a real necessity.

19. *Same; Instruction.*—Where the action was for injury to a passenger while riding on a platform of a car in a vestibuled train on account of the crowded condition of the car, the railroad was not entitled to affirmative instructions because the proof showed that she failed to cling to the brass rods or hand holds; a passenger should not be deemed guilty of contributory negligence where he takes only such risks as under the same circumstances a prudent man would take, whose senses were not impaired.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Mrs. E. M. Hayes against the Southern Railway Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

The pleadings and the facts sufficiently appear from the opinion. The following charges constitute the as-

signments of error as noted and numbered respectively in the opinion: (26) "I charge you that necessity alone could warrant plaintiff at the time in question in assuming a position upon the platform of defendant's train, provided you find from the evidence that it was rapidly moving at the time, and that said platform was an obviously unsafe place to ride."

(27) "If you are reasonably satisfied from the evidence that plaintiff voluntarily, and without necessity therefor, assumed a position on the platform of defendant's car, and that such position was obviously dangerous to a reasonably prudent person, and that she failed to take such precautionary measures for her safety as a reasonably prudent person like situated would have done, and that she thereby proximately contributed to her injuries, then you cannot find for plaintiff."

(28) "If you find from the evidence that plaintiff was injured by reason of the fact that she was injured on the platform of defendant's car, and that this was an obviously perilous place to ride instead of in the car, then I charge you that she cannot recover in this case, unless you are reasonably satisfied by the evidence that she had a reasonable and legal excuse for her presence on the platform at the time of her injury, and that while on the platform she took reasonable precautions to protect herself from injury."

(29) "I charge you that it was negligence, except under special circumstances, for a pasenger to stand upon the platform of a car of a rapidly moving commercial railroad train."

(31) "If you are reasonably satisfied from the evidence that plaintiff at the time in question found the seats in the day coach occupied by other passengers, and that she could not obtain accommodation on said

day coach, then I charge you that she had a right under the law to assume and occupy a seat on the dining car on said train, provided you find that said dining car was a safe place to be occupied by her, and a safer place than on the platform."

(32) "I charge you that the burden of proof is upon the plaintiff in this case to reasonably satisfy you by the evidence that she received her injuries as alleged in her complaint."

(33) "If you are reasonably satisfied from the evidence that plaintiff at the time in question," etc., as 31, except it uses "Pullman coach," instead of "dining car."

(36) "I charge you that if you find from the evidence that defendant's train was overcrowded, and that plaintiff as a passenger could not obtain the accommodations to which she was entitled, she had a right to refuse to ride upon said train; and I charge you that if you find she elected to ride on the train, and that she voluntarily assumed an obviously extrahazardous position upon the train, that then it was her duty so far as she reasonably could to protect herself from being thrown onto the floor of the train by any lurch or jerk of the same, no more violent than the lurching or jerking of trains known to be a necessary incident to their rapid movement when operated with due care, provided you find from the evidence said train was moving rapidly and operated with due care."

(39) "Plaintiff was under no duty to defendant to pay an additional fare and ride in the Pullman or sleeping car; and if you believe from the evidence that on reaching the day coach she found the said coach so crowded as that she could not enter by reasonable effort, and defendant's conductor or auditor failed to provide

[Southern Railway Co. v. Hayes.]

her a seat upon her request, then in law her being on the platform would be of necessity or by compulsion."

(40) "If you believe from the evidence that plaintiff was a passenger on defendant's train, as alleged in the complaint, and by reason of the crowded condition of the train there was no unoccupied seat on defendant's cars, and she was of necesssity, real or reasonably apparent, standing on the platform of one of defendant's cars, and while on said platform she prudently and reasonably guarded herself from being thrown or jerked down, and if you further believe that plaintiff's situation was known to defendant's employees, and they then ran said train at such a careless or negligent rate of speed as to cause plaintiff to fall or be injured, your verdict should be for plaintiff, under count 2 of the complaint."

The last two numbers were charges given at the instance of plaintiff; the others were charges refused to defendant.

WERT & LYNNE, for appellant.

W. T. LOWE, and CALLAHAN & HARRIS, for appellee.

GARDNER, J.—Suit by appellee against the appellant for the recovery of damages alleged to have been suffered while a passenger on appellant's railway, en route from Washington, D. C., to Decatur, Ala., appellee's home. The case went to the jury on counts 1 and 2, the plea of the general issue, and a number of special pleas of contributory negligence.

Count 1 seeks the recovery for negligence in defendnat's failing to provide plaintiff with a seat, as a result of which she was compelled to stand upon the plat-

form, and by a lurch of the train was thrown to the floor, resulting in injury.

(1, 2) Count 2, after alleging the relationship, etc., and that there was no unoccupied seat on the inside of the car, as she was advised by the conductor or auditor of said train, and that therefore she, with other passengers, was on the platform between two of its cars, which condition was known to its employees, alleges that, notwithstanding this situation, the agents or servants in charge of said train negligently ran the train at such great speed as to cause it to suddenly jerk or lurch, throwing plaintiff on the floor of the platform; and the count concludes that: "Her said injuries were the proximate consequence of the negligence of the defendant in operating said train in such a manner as to cause it to suddenly jerk or lurch," etc.

We think the count sufficient as against any demurrer here interposed.—*So. Ry. Co. v. Crawford,* 164 Ala. 178, 51 South. 340. The argument seems to be that, because the complaint discloses that the plaintiff was on the platform of the car, therefore it is subject to demurrer, as showing upon its face that she was guilty of contributory negligence such as to bar recovery. It is recognized, however, that there are many circumstances under which it will not be negligence in the passenger to remain upon the platform of the car.—*Clanton v. So. Ry.,* 165 Ala. 485, 551 South. 616, 27 L. R. A. (N. S.) 253; *Cen. Ga. Ry. v. Brown,* 165 Ala. 493, 51 South. 565; *A. G. S. Ry. v. Gilbert,* 6 Ala. App. 372, 60 South. 542; 2 Shearman & Redfiield on Negligence, § 523; *Graham v. McNeill,* 20 Wash. 466, 55 Pac. 631, 43 L. R. A. 300, 72 Am. St. Rep. 126-9.

Contributory negligence is, of course, an affirmative defense, which must, as a general rule, be specially

pleaded. The complaint does not show on its face such contributory negligence as to bar recovery, and the demurrer was properly overruled.

(3) We are of the opinion that no injury could have resulted to the defendant by the sustaining of the demurrer to plea 6, as the defendant had the full benefit of the substance of said plea in some of the pleas of contributory negligence upon which the case was tried, notably pleas 2, 3, and 4.

(4) We are also of the opinion, however, that the plea was subject to demurrer. It is the well-understood rule that: "To withstand an appropriate demurrer, a plea of contributory negligence must go beyond averring negligence as a conclusion, and must aver a state of facts to which the law attaches that conclusion."—*Osborne v. Ala. Steel & Wire Co.*, 135 Ala. 575, 33 South. 688.

The plea fails to aver that the plaintiff voluntarily assumed a position on the platform, and does not aver sufficient facts to which the law would attach negligence as a conclusion. Each count in the complaint shows a failure to supply the plaintiff with a seat, and that the injuries resulted from a sudden lurch of the train, whereby she was caused to fall upon the platform.

For the alleged negligent conduct of the plaintiff to be of any avail to the defendant company such conduct should have been the proximate cause of the injury; and in a case of this character, if the cause of the injury would have been of the same result to the passenger, had he been within the car, his negligence in standing on the platform would not in law be considered the proximate cause of the injury.—3 Hutchinson, Carriers, § 1197; 5 Rul. Case Law, § 694; *So. Ry. Co. v. Harrington*, 166 Ala. 630, 52 South. 57, 139 Am.

St. Rep. 59; 3 Cyc. 640. It does not appear from said plea, except by way of conclusion, that the mere fact that the plaintiff was standing on the platform, when she received her injuries by being thrown on the floor thereof, was the proximate cause of the injury any more than had she been standing within the car, as the plea does not deny that there were no seats therein unoccupied.

(5) Counsel for appellant cite authorities to the effect that it is negligence per se on the part of the passenger to ride on the platform of a rapidly moving commercial train, unless he is able to show that there was a necessity therefor.—*Worthington v. Cen. Vt. R. Co.*, 64 Vt. 107, 23 Atl. 590, 15 L. R. A. 331; *L. & N. R. R. Co. v. Morris* (Ky.) 62 S. W. 1012; *Rolette v. G. N. R. Co.*, 91 Minn. 16, 97 N. W. 431, 1 Ann. Cas. 313; *C., C., C. & St. L. Ry. v. Moneyhun*, 146 Ind. 147, 44 N. E. 1106, 34 L. R. A. 143; Thompson on Neg. § 2947; *A. G. S. Ry. v. Gilbert, supra.* It will be noted, however, that these authorities were dealing with cases where the passenger was thrown or fell from the platform, and that, therefore, his position upon the platform was the proximate cause of his injury. We are strongly inclined to the view that these cases are not here in point. The charges asked and given, as well as those refused, indicate, however, that the principle of those cases was largely applied in the trial of this case. So treating it, however, in view of this fact, we are of the opinion that some of the charges requested by the defendant, and which were refused, under the facts disclosed by this record, omitted one important element. They seem to proceed upon the theory that only an actual and absolute necessity would excuse a passenger in riding upon the platform, repelling the imputation of contributory

[Southern Railway Co. v. Hayes.]

negligence. The rule is recognized in this state, however, that a real or apparent necessity will be sufficient excuse therefor. In *Highland Ave. & Belt Co. v. Donovan,* 94 Ala. 301, 10 South. 140, it was said: "What constitutes the exercise of due care, and, conversely, what amounts to negligence, depends in all cases, of course, upon the circumstances surrounding the person whose conduct, in these respects, is under investigation, * * * with respect to a situation known to him, which prudence dictates. But, having been duly careful to acquaint himself as best he may with all the facts which should have a legitimate influence in shaping his conduct, his subsequent action is to be gauged, with respect to the observance or lack of care and caution, not by the real facts which, or some of which, his circumspection may have failed to disclose to him, but by the appearance of things as uncovered by that degree of effort to ascertain the real facts which men of ordinary prudence would put forth in the premises. In other words, 'he is not bound to see; he is bound to make all reasonable efforts to see that a careful, prudent man would make in like circumstances. He is not to provide against any certain results. He is to make an effort for a result that will give safety—such an effort as caution, care, and prudence will dictate.' * * * From this position, which afforded a view * * * of the whole interior of the car, it appeared to him that there was no available space for him on the inside. If the jury found the facts in line with these tendencies of the testimony, they would have been justified in finding, further, that the plaintiff exercised due diligence and caution in ascertaining the situation, and hence had a right to act upon the facts which such diligence and caution disclosed, whether they were the real facts

or not. It follows that, assuming proper circumspection to have been observed by plaintiff, evidence as to whether the car presented the appearance of being entirely full was pertinent, and properly received, and the charge requested for plaintiff, which authorized the jury to find plaintiff free from negligence in taking a position on the platform if there was a reasonable necessity, real or apparent, for his doing so, correctly stated the law."

In this connection, see, also, Thompson Neg. § 2949.

The evidence for the plaintiff goes to show that she bought Pullman passage as far as Salisburg, N. C., and that her coach was there switched and attached to another train. She then took the observation car, in which she remained until just before reaching Morristown, when she went from it into the Pullman. Upon the Pullman conductor informing her that she would have to pay extra fare for riding in that car, she left it, passing through the diner on her way to the day coach. It was the twilight hour, and the coach was dimly lighted. Plaintiff testified as follows: "I was on the platform, and as far as I could see the car was crowded with men standing up. The conductor had to push his way through the crowd standing to get tickets." .

Plaintiff further testified that she asked the man in uniform, who was taking up tickets, to get her a seat, and he declined; that she made the same request of others, but no attention was paid to her. She remained on the platform, standing with her back against the side of the coach and bracing herself with her umbrella; that the train was over an hour late, running 50 or 60 miles an hour; that it gave a sudden lurch, throwing her upon the floor the platform and causing the injuries complained of. There is nothing, however, to in-

dicate that plaintiff received by such fall any injuries other than would have been received, had she been elsewhere on or inside the car, and thrown in like manner. The platforms of the diner and the day coach were vestibuled and fitted with brass rods and handholds. In *Cen. Ga. Ry. v. Brown, supra,* it was said: "Defendant assumed to furnish suitable and safe accommodation to as many passengers as it undertook to carry. Accommodation was furnished to each passenger in contemplation of the right of every other passenger to the use of the aisle of the car for all necessary and proper purposes, and especially the purpose of getting on and off the train. We have no difficulty in reaching the conclusion that, if plaintiff was furnished only such a place in a crowded car as that a due regard for the rights of other passengers made it necessary for him to go upon the platform, and he went there under the pressure of that necessity and in obedience to the command of the conductor, the platform was for the time the place furnished to him for his transportation. On the facts hypothesized it was the fault of the carrier that the passenger was on the platform—an unsafe place—when he was injured. The jury might have referred plaintiff's injury to the failure to furnish sufficient cars and a safe place within which to travel, or to the negligence of the conductor in ordering him to go upon the platform."

(6) If, therefore, under the above-stated evidence, it appears that the plaintiff exercised due diligence and caution in ascertaining the situation, and that after having done so it appeared to her that there was no available space on the inside, then she would have the right to act upon the appearance of things, and would not be guilty of contributory negligence, although, in

fact, there may have been standing room inside the car. There would have existed, in the eyes of the law, a reasonable necessity for her remaining upon the patform, whether it was real or only apparent. This, of course, would be a question for the determination of the jury.

(7) The charge constituting the twenty-sixth assignment of error was properly refused. While, abstractly speaking, and as a general proposition of law, the courts may use such an expression with propriety, yet it by no means follows that it is a proper instruction in a case of this character. It was calculated to mislead the jury. The word "necessity" is rather a relative term, and derives its force and effect and its real meaning in each particular case from the attendant facts and circumstances, and leaves the jury wholly uninformed as to the kind, character, and degree of such necessity. It is misleading in this particular case, because the apparent necessity, assuming the exercise of prudent observation on the part of the plaintiff, was as much a justification as the necessity itself.

(8) The charge constituting the twenty-seventh assignment of error was covered in substance, we think, by given charges 3 and 12. The charge, however, seems to pretermit the question of apparent necessity above discussed.

The refused charge constituting the twenty-eighth assignment of error is unintelligible as written, and we are under no duty to undertake a correction of it here. Should we attempt, however, to do so by striking from the third line thereof the word "injured," so as to give the charge an intelligent meaning, it is apparent that the substance of this charge was covered in given charge 12, as well as other charges given at the request of the defendant.

(9) The charge constituting the twenty-ninth assignment of error was properly refused, under the facts of the case, as being misleading to the jury. It states that as a matter of law there are special circumstances under which it is not negligence for a passenger to stand upon the platform of a rapidly moving train, but gives no information as to what these special circumtances are, referring to the jury, therefore, the question of law.

(10, 11) The charge, refusal of which is complained of in the thirty-first assignment of error, had a tendency to mislead the jury into the belief that it was the duty of the plaintiff to seek a seat on the dining car, when it is recognized as a general rule that it is the duty of common carriers of passengers to furnish their passengers with seats. "The law imposes upon common carriers the duty of exercising the highest degree of care skill, and diligence in the transportation of passengers."—*A. G. S. Ry. Co. v. Hill,* 93 Ala. 514, 9 South. 722, 30 Am. St. Rep. 65; 2 Woods on Railroads, § 309; 6 Cyc. 582; 4 Rul. Case Law, § 526; 136 Am. St. Rep. 312, note.

What is here said applies to assignment of error No. 33.

There is cearly no reversible error embraced in the refusal of the charge constituting assignment of error No. 32. Without entering into any criticism of this charge, we merely state that by a number of given charges the jury was instructed as to the burden of proof upon the plaintiff.

(12, 13) It is quite clear that defendant is not entitled to the general affirmative charge as requested. The negligence of defendant was for the jury to determine, and also whether or not the plaintiff was guilty of contributory negligence.

(14) The charge constituting the thirty-sixth assignment of error was properly refused, because tending to confuse the jury. The evidence shows that the train made no stop between Morristown and Knoxville (between which places plaintiff received her injury), and when plaintiff assumed the position on the platform the train was at that time in motion, and continued so until the injury, and no time nor opportunity was given her for election as to whether she would or would not ride on the train.

(15, 16) We find no reversible error in giving the charges requested by the plaintiff and constituting assignments of error 39 and 40, as what we have heretofore stated indicates.

(17) There was no reversible error in allowing the plaintiff to be asked to "state how come you to leave the Pullman car" upon the ground, as argued by counsel, that it called for the opinion or uncommunicated motive of the witness. While it might have been unhappily framed, we do not think it subject to this objection. The answer of the witness that the conductor on the Pullman informed her she would have to pay extra fare demonstrates that the question really meant that the witness should answer as to what occurred just previous to her leaving the Pullman.

(18) Assignments of error 17, 18, and 19 relate to the ruling of the court in permitting the plaintiff to testify that upon reaching the platform of the day coach the passengers standing thereon told her she could not get into the coach on account of its crowded condition. It is insisted that these were the declarations of third persons, and not a part of the res gestæ, citing *Ind. St. Ry. v. Taylor,* 164 Ind. 155, 72 N. E. 1045, *Kuperschmidt v. Mertopolitan Ry.,* 47 Misc. Rep. 352, 94 N.

Y. Supp. 17, and *Butler v. Manhattan Ry.*, 143 N. Y. 417, 38 N. E. 454, 26 L. R. A. 46, 42 Am. St. Rep. 738. On the other hand, counsel for plaintiff insists that the declarations of these fellow passengers, who were themselves barred from the car, that it was crowded and she could not get in, were spontaneous declarations, provoked by the fact that she was trying to enter the car in its crowded condition, and that such declarations were therefore a part of the res gestæ of the condition of the car, citing *M. & M. Ry. v. Ashcraft*, 48 Ala. 15, *L. & N. Co. v. Mason*, 10 Ala. App. 263, 64 South. 154, *Harbour v. State*, 140 Ala. 109, 37 South. 330, and 11 Ency. Ev. 314.

We find no necessity for a determination of the question in this case, for the reason that under the evidence as disclosed by the record it appears that, even if it should be conceded that the ruling was erroneous, it was without injury to the defendant and did not work a reversal of the case. As we have previously stated, assuming due diligence in observation by the plaintiff, she had the right to act upon the reasonable appearance, and was not confined to the fact that there might have been standing room in the car. We find plaintiff's testimony without conflict in regard to the crowded condition of the platforms and entrance to the car. The evidence that there was no unoccupied seat in the car is not disputed. The auditor on the train testified that he could not tell whether the train was crowded or not on the night in question. The claim agent, Walker, testified that there was no room to sit down in the car, but that there was standing room, and admits that "quite a crowd got on at Morristown." He stated that he did not know whether there were any people standing on the back platform. The conductor also testified that

he did not remember whether the car was crowded, but stated: "If the train is overcrowded, and there are no seats, there is nothing for me to do but let them stand."

The bill of exceptions purports to set out all the evidence in the case, and there is none shown to have any tendency to conflict with the testimony of the plaintiff as to the reasonably apparent necessity for her remaining on the platform. Such being the case, whether there was standing room inside the coach or not would be immaterial, and would not impute to her contributory negligence for remaining on the platform. In any event, therefore, we are of the opinion that reversible error cannot be predicated upon this ruling.

(19) In the authorities cited and the argument used counsel have treated the conduct of the plaintiff as if she had been upon an ordinary platform, and as if her position thereon was the proximate cause of her injury. We have previously commented on this latter phrase of the case, and in this connection, in view of the fact that the plaintiff was not thrown from the platform, the distinction drawn by some of the authorities as to the kind of platform then in use is pertinent. As was said in 2 Shearman & Redfield on Negligence, § 523: "The objections to the use of ordinary platforms by passengers have very limited application to vestibuled trains, since these obviously invite passengers to walk from the car while in motion, although not perhaps to use the platforms for standing."

The same distinction received some comment in *Graham v. McNeil, supra.* This, we think, is to be considered in connection with the general proposition that a passenger "ought not to be deemed guilty of contributory negligence when he takes only such risks as under the same circumstances a prudent man whose senses.

were not impaired would take."—2 Shearman & Redf. Neg. § 519. This is said in answer to argument of counsel for appellant to the effect that defendant was entitled to the affirmative charge, because the proof shows she was on the platform and failed to exercise proper precautions by clinging to the brass rods or handholds.

All the assignments of error have been carefully considered, and we are of the opinion that no reversible error appears. The judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.