## HOLMES v. GAYLE & BOWER.

1. It is not permissible to prove an account by showing that a copy offered in evidence was transcribed from a book of original entries, unless the witness can testify as to the correctness of its items, from *personal knowledge*.
2. A witness may refresh his memory by any book or paper, if he can afterwards swear to the fact from recollection; but if he cannot so swear any farther than as finding it in the book or paper, the book or paper must be produced.
3. It is competent for a witness to identify the copy of a paper which he himself had copied, and to show what the party against whom it is offered, said in relation to it.
4. A witness may prove that he has transcribed one or more copies of the same account from the books of the creditor, and that each copy contains similar entries. If there be a discrepancy in the copies, he may explain it from his own knowledge of the account.
5. Where it is material, it may be shown what is the practice of commission merchants, at a particular place, in accepting and advancing for their customers, and as to their placing in the hands of their debtors, the vouchers in proof of their accounts.
6. Where a party excepts to a decision or opinion of a court, he must place so much in his bill, as shows that the court did err to his prejudice.

THE defendants in error declared against the plaintiff in the circuit court of Dallas, in *assumpsit*, for work and labor done, for goods, wares, and merchandise, sold and delivered, for money lent and advanced, and paid, laid out, and expended, for money had and received, and on an account stated.

The case was tried on issues to the pleas of *non assumpsit, accord and satisfaction, set-off,* and *payment*.

At the trial a bill of exceptions was taken to the ruling of the presiding judge. From this we learn that it was proved "that the book-keeper who had been in the employment of Galye & Bower, when the accounts on which the action was founded, were entered, was dead; the witness stated that he was subsequently the book-keeper of Gayle & Bower, that he had drawn off an account current from the books of Gayle & Bower, and that the same was handed by him, or by Bower in his presence, to de-

fendant, (Holmes) and that defendant admitted the same to be correct, except as to the item in regard to two thousand dollars. The witness then held in his hand an account current between the same parties, and was asked if that, like the other which had been handed to the defendant, was taken from the books of Gayle & Bower, and if in that way he could say the two accounts were alike in their items. This question was objected to by the defendant's counsel; they insisting the books themselves should be present: the objection was overruled by the court, and the question answered." It being in proof that the vouchers sustaining many of the items of the account, were handed to the defendant below, that he might examine and compare them with the account; these vouchers it appeared had not been returned: the counsel of the plaintiffs below thereupon asked if it was not their custom so to hand them to their customers; to which question, the counsel of the defendant below objected, but his objection was overruled; and the question answered.

"There were these variances between the two copies of the account current. In one defendant was charged with two thousand dollars " paid your note;" in the other with two thou- " paid you to pay your note;" and on the credit side in one account defendant with          dollars "received from" him, and in the other, with that sum "remitted;" the dates and amounts of each of these items being the same; the witness was asked by plaintiff's counsel, to explain the cause of the difference, and answered that it was by a mistake in carrying the item from the cash book into the ledger, by a book-keeper who was now dead; (this was as to the credit entries last above spoken of.) To this answer, the defendants' counsel objected, but the objection was overruled, and the answer allowed as evidence, although the witness said he was not clerk or book-keeper at the time the entries were made, nor present." It being shown that the plaintiffs below, were commission merchants in Mobile, they were permitted to show, notwithstanding the defendant objected, that commission merchants in that city were in the habit of paying bills for their customers, though they might not be in funds of the drawers.

A witness was asked by the plaintiffs if it was their custom to submit the vouchers, with the accounts to their customers; to which he answered that he did not know, but they had done so with him. To the latter part of this answer, the defendant objected as illegal evidence, but his objection was overruled.

The jury found a verdict for the plaintiffs below, and judgment being thereupon rendered, the defendant has brought the case here for revision.

J. B. CLARK, for the plaintiff in error.
HOPKINS, contra.

COLLIER, C. J.—It is argued for the plaintiff in error, that by a settled rule of evidence, facts must be established by the best proof of which they will admit; and that in the present case as the witness could not testify to the correctness of the account from his own unassisted recollection, it was necessary that the books of original entries should be adduced, as evidence of a higher grade than mere copies, however carefully compared. This argument would be well founded, had the witness been called on to testify as to facts of which he possessed no personal knowledge, but with which he became acquainted, from having seen them in, or copied them from books. The rule touching this point is thus laid down: a witness may refresh his memory by any book or paper, if he can afterwards swear to the fact from recollection; but if he cannot so swear any farther than as finding it in the book or paper, the book or paper must be produced. Phil. Ev. 221 and note, 3d vol. 550; 1 Starkie's Ev. 128. Here the witness was not required to state what appeared charged on the books of the defendants in error, to the *debit* and *credit* of the plaintiff, but merely to identify an account which he had drawn off, and to prove its admission. Clearly it is competent for a witness to identify the copy of a paper which he himself had copied, and to show what one whose interest is affected by it, said in relation to it: in such a case, the admission of a party against whom the paper is offered, is regarded as quite as good evidence to fix upon him a liability, as if the book of original entries was produced, and each specific item shown by proof.

It was not only competent for the witness to state that he had copied one account from the books of the defendants in error, but he might prove that he had copied several, and thus having copied them, testify that they contained similar items. Such evidence did not tend in itself to prove the correctness of what was shown by the books, nor are we informed that it was offered for that purpose; and in the state of the record it is entirely unobjectionable.

So much of the evidence as related to the practice by commission merchants in Mobile of accepting and advancing for their customers, and as to the defendants handing to their debtors the vouchers in proof of their accounts, cannot be said to have been inadmissible, though it is difficult to conceive what valuable purpose was subserved by its introduction. The account of the defendant we infer, was intended to be established mainly by the plaintiff's admission, and not by proof of the course of dealing by the commission merchants of Mobile.

The bill of exceptions informs us that the plaintiff in error upon notice, produced the vouchers which he had previously received from the clerk of the defendants, or Bower, so that the evidence in regard to the defendants' manner of making settlements was immaterial.

As to the discrepancy in the two copies of the account current, we consider them so entirely unimportant, as not to have required explanation. In the one the defendants charge the plaintiff with two thousand dollars; so much paid in extinguishment of his note; in the other, with two thousand dollars paid him to pay his own note. *Again:* In the one the plaintiff is credited by a sum of money "received from" him; while in the other he is credited by the same sum "remitted" by him. The legal effect of the entries in each copy of the account, is precisely the same. Yet, conceding that evidence to this point was necessary, and we think that which was given is free from objection, the witness undertakes to explain the discrepancy not by a reference to what appears from the books of the defendants, or what he learned from their deceased clerk, but seemingly from his own knowledge.

That the plaintiff in error may not have been injuriously affected, by the admission of some of the evidence to which he objected, is what we cannot say; but if the fact be so, the bill of exceptions does not inform us.   Error in the abstract it has been repeatedly adjudged, furnishes no ground for the reversal of a judgment; the party excepting must at his peril, place so much in his bill, as shows that the court did err to his prejudice, for the presumption is in favor of the correctness of its proceeding, and all decisions made will be presumed to be correct until the contrary appear.[(Duffee v. Pennington, use &c. *supra*,) and cases there cited.

This view disposes of the questions presented, and our conclusion is, that the judgment of the circuit court must be affirmed.