[Franklin v. Southern Railway Co.]


# Franklin v. Southern Railway Co.

### Injury to Passenger.

#### (Decided May 11, 1916.   72 South. 11.)

1. **Carriers; Passengers; Invitation to Alight.**—Where a railroad passenger's destination is called as of the next stop, and the train soon afterwards comes to a full stop, though it was at a switch and not at the station, there was an implied invitation for the passenger to alight, and the railroad was liable for its negligent failure to provide her with a safe place to do so.

2. **Same; Duty.**—The law imposes upon all carriers the duty to exercise the highest degree of care, skill and diligence in the transportation of passengers.

3. **Same; Instructions.**—Where the action was for injuries to a passenger while alighting, and there was evidence that plaintiff was not aware that the train was not at the regular station, and having her baby in her arms, could not see just where it was, and that the flagman had his face towards her, and her suitcase in his hand, having helped her other child off the train, a charge asserting that the flagman was not charged with any duty of notifying plaintiff not to get off, unless he knew that she was going to do so, and knew that plaintiff did not know that she was not at the station, was erroneously given.

4. **Same; Duty of Flagman.**—Where the train had stopped at a switch near the depot, and the flagman believed that a woman passenger was not aware that the train was not at its regular stopping place, it was his duty to inform her, particularly where the ground at the switch was rough and unsafe.

5. **Evidence; Res Gestae.**—Protest made by plaintiff to the flagman of the train after alighting from the train was not part of the res gestae, and was properly excluded.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by May Franklin against the Southern Railroad Company for damages for injuries suffered while a passenger. Judgment for defendant and plaintiff appeals. Reversed and remanded.

JOHN W. ALTMAN, for appellant.   STOKELY, SCRIVNER & DOMINICK, for appellee.

GARDNER, J.—Appellant brought this suit against the appellee for the recovery of damages which she claims to have sustained as a passenger on the Southern Railway in alighting from

[Franklin v. Southern Railway Co.]

the car at Coalburg, the point of destination. It was insisted by the plaintiff that when she alighted from the train she stepped on some slag, which caused her foot to turn, and sprained her ankle. The evidence for the plaintiff tended to show that she boarded the train as a passenger at Blossburg, her destination being Coalburg, in Jefferson county; that she rode in the last coach with her two children, one five years and the other nine months old; that before they reached Coalburg the flagman came through the car and called, "The next stop is Coalburg— all out for Coalburg," and shortly thereafter he came and took her suit case out and off the train; that a short time after the call was made the train stopped and the plaintiff got off, carrying the baby in her arms. Upon the trial she testified that the flagman was standing on the ground and had her suit case; that he helped her five year old child off the train, and that his face was toward her as she came out of the car door; that she stepped down a distance of about 2½ feet, her foot striking a piece of slag or rock, which caused her foot to turn, so that she stumbled, but did not fall. The plaintiff testified that she could not tell whether she was at the station or not; that she had her baby in her arms and could not see the condition of the ground; that she had lived about three-fourths of a mile from Coalburg for about a year, and that she lived several years at Republic, which is about 2 miles from Coalburg; that she rode on the train only about once during the year and a half previous to the time of the injury complained of, and went to the station only when she intended to take the train. The evidence further tended to show that at the time the train stopped, and the plaintiff got off, the train was at the switch, which was about 150 feet from the depot, and that the car on which plaintiff was riding was then 400 or 500 feet from the depot, and that the train, after stopping at the switch, pulled on up to the station. At the place where plaintiff alighted new slag had been scattered along the track and large stones thrown down. There was also evidence tending to show that several passengers alighted from the train at the same time the plaintiff alighted. This was not the regular place for the passengers to be taken on or off the train.

The following quotations from some of our cases will be helpful in determining the result of this appeal:

In *Rich & Dan. R. Co. v. Smith,* 92 Ala. 237, 9 South. 223, it was said: "In *Smith v. Ga. Pac. Ry. Co.,* 88 Ala. 538 [7 South.

[Franklin v. Southern Railway Co.]

119, 7 L. R. A. 323, 16 Am. St. Rep. 63] the following propositions were declared: The announcement of the name of a station, being usually intended to inform the passengers that the train is approaching the point of their destination, so that they may prepare to get off when the train stops, is not, of itself, an invitation to alight; but, if the train is soon thereafter brought to a full stop, a passenger may safely conclude,, in the absence of notice, that the train has arrived at the station, and attempt to get off, unless the surroundings and circumstances are such as would show to a reasonably careful and prudent man, that the train had not reached the proper landing place. These propositions rest on reason and experience, are justified by custom, conform to the understanding of railroad carriers and the traveling public, and are maintained by the strong current of authority. When a passenger, acting, in such case, under a reasonable belief that the train has stopped at his point of destination, endeavors to get off, using ordinary care, and is injured in consequence of the train having stopped short thereof, the company is liable."

And in *Mob., L. & R. R. Co. v. Walsh*, 146 Ala. 295, 40 South. 56^, is the following: "Charge 5 ignores the principle that plaintiff has a right to rely upon the implied assurance of safety arising out of an express or implied invitation to alight, even if doubtful as to such safety, and is justified in alighting if a person of ordinary care and prudence would have done so under the circumstances."

And this from *Mont. St. Ry. Co. v. Mason*, 133 Ala. 508, 32 South. 261: "It is contended in the present case that at the time of the injury complained of the plaintiff was no longer a passenger on the defendant's car, after alighting from the same, and that the defendant was relieved of all responsibility after the plaintiff had alighted from its car onto the ground at the place where it stopped for that purpose; and this involves the question of the duty of the carrier to provide a reasonably safe place for the landing of its passengers. The same duty of exercising the highest degree of diligence and care in the carriage or transportation of passengers, in law and reason, extends to and includes the safe landing of the passenger at the termination of his journey or ride, and this duty is not performed when the carrier lands its passenger at a time and place of such unknown environment to him that in his first effort to depart, after alighting onto the ground, he is tripped and thrown by an unseen pile of lumber and debris."

See, also, in this connection, *B. & O. Co. v. Mullen*, 217 Ill. 203, 75 N. E. 474, 2 L. R. A. (N. S.) 115, 3 Ann. Cas. 1015, and note; *Farrell v. Chicago, etc., Ry.*, 100 Minn. 361, 111 N. W., 388, 9 L. R. A. (N. S.) 1113 and note.

The first assignment of error treated in argument of counsel for appellant relates to the action of the court in sustaining the demurrer to count B of the complaint. This count shows the relation of the plaintiff to have been that of a passenger on the defendant railway, and alleges the announcement by the flagman that the next stop would be Coalburg, her point of destination, and that the train came to a full stop soon thereafter, but at a place other than its regular stopping place, and where there were rocks or slag, and the ground was rough and unsafe for the plaintiff to alight. It further avers the ignorance of plaintiff of the fact that she was not at the station, and that, believing that the train had stopped at its regular point for discharging passengers, she did alight therefrom, to her injury as above stated, and the count concluded that defendant negligently failed to provide the plaintiff with a safe place to alight from the said train.

(1) It is argued by counsel for appellee that this count shows upon its face that the train was not at its regular stopping place, and does not show an invitation by the defendant's employees for passengers to alight. The count shows, however, that plaintiff was not aware that the train had not stopped at its regular place for discharging passengers. The averments of the count to the effect that the station was called as the next stop, and that soon thereafter the train came to a full stop, under the above authorities, was sufficient to show an invitation for the passengers to alight. The gravamen of the action, as shown by this count, was the defendant's negligent failure to provide the plaintiff with a safe place to alight from the train. We are of the opinion that the count was sufficient and that the demurrer was improperly sustained.—*A. & B. A. L. Ry. v. Wheeler*, 154 Ala. 530, 46 South. 262.

(2) The law imposes upon common carriers the duty of exercising the highest degree of care, skill, and diligence in the transportation of passengers.—*A. G. S. Ry. v. Hill*, 93 Ala. 514, 9 South. 722, 30 Am. St. Rp. 65; *So. Ry. v. Hayes*, 194 Ala. 194, 69 South. 641. The court, at the request of the defendant, gave the following special charge, designated "C": "The court charges the jury that the flagman was not charged with any duty

[Franklin v. Southern Railway Co.]

of notifying the plaintiff not to get off the train, unless the jury find from the evidence that the flagman knew that plaintiff was going to get off the train, at the time she did, and knew that the plaintiff did not know she was not at the station."

(3, 4) In view of the evidence in the case, that the plaintiff was not aware that the train was not at the regular station, and that she says she could not see, with her child in her arms, just where it was, and of her further testimony that the flagman had his face toward her and had her suit case in his hand, having helped her five year old child off the train, the above charge should not have been given. If the flagman, under these circumstances, believed plaintiff was not aware that the train was not at its regular stopping place, then, in the exercise of that degree of care required of carriers, it would have become his duty to inform her, especially in view of the alleged rough and unsafe condition of the ground at that place.

Counsel for appellee insist that the coach from which plaintiff alighted was stopped at a point opposite the mountain side, and that as a matter of law, it being between 10 and 11 o'clock in the daytime, plaintiff was charged with a knowledge of the fact that the train had not stopped at its regular place for discharging passengers. This argument leaves out of view the testimony of the plaintiff tending to show her lack of familiarity with the surroundings at the station, the infrequency of her travel, and her positive testimony that she did not know the train was not at the station, but thought it was, and could not see otherwise, as she had her child in her arms. The charge was clearly bad, and must work a reversal of the cause.

As the cause must be reversed, we need not treat in detail other questions presented. The word "invited," used in some of the charges given for defendant, was calculated to mislead the jury, and should have been refused; but we need not determine whether it was sufficiently prejudicial to call for a reversal.

In the motion for a new trial there seems to be noted an exception to a portion of the oral charge to the jury which would indicate that the jury was instructed that the liability of the defendant rested upon its either doing that which a reasonably prudent person would not have done under similar circumstances, or failing to do that which a reasonably prudent man would have done; and it would indicate that what was said was at variance with the rule in this state, above quoted, which requires the

highest degree of skill and care on the part of the carrier in the transportation of its passengers. It may be doubtful whether the exception to this portion of the oral charge is properly presented here for review, so that reversible error can be predicated thereon. But this we need not detrmine.

(5) Plaintiff offered proof of certain protests which she alleges she made to the flagman after alighting from the train. It does not appear from this record that this was a part of the res gestæ, and we do not think there was any error in sustaining the objection thereto.—*Mob. L. & R. Co. v. Baker,* 158 Ala. 491, 48 South. 119.

Much is said in brief of counsel for appellee, to the effect that the testimony of the plaintiff on this trial is contradictory, in material respects, of that given on a former trial. On this question, however, we are not here called upon to pass.

It results, from what is said herein, that the judgment of the court below must be reversed.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.