# Birmingham, Ensley & Bessemer R. R. Co. v. Stagg.

### Personal Injury.

#### (Decided May 18, 1916.    72 South. 164.)

1. **Street Railroads; Use of Street; Nuisance.**—A street railroad is not per se a public or private nuisance so long as its use of the street does not necessarily interfere with ordinary travel, and is not a substantial impairment of the private rights of property.

2. **Municipal Corporation; Private Use of Highway.**—Public highways belong to the public from side to side and from end to end, and one using a public highway for his own private use commits an indictable offense, notwithstanding it may be so used with the permission of the municipal authority.

3. **Street Railways; Light in Street; Construction of Track.**—A street railroad using a public street must lay and maintain its track so as to cause as little injury or inconvenience to the public as possible.

4. **Same; Jury Question.**—Whether in a given case the rails of a street car track are so laid or maintained as to constitute negligence, is usually a question for the jury, depending upon particular circumstances, though there may be cases when the court may determine it as a matter of law.

5. **Same; Construction of Track; Due Care.**—Independently of statutes and ordinances, street railways are bound to construct and maintain their roads, rails, etc., so that the use of the street by the public shall not be materially impaired or made dangerous; at least so far as is practicable and consistent with the use of the street.

6. **Same; Injuries on Track; Negligence.**—A street railroad is liable to an individual for injuries proximately resulting from its obstruction of the streets, or for other negligence chargeable to it, which it should or could have avoided by the exercise of reasonable care.

7. **Same; Pleading.**—Allegations that defendant maintained a street railroad, that plaintiff while riding a motorcycle collided with the rail, and was thrown to the ground and injured as a proximate result of the negligence of defendant in permitting the rail to stand above the level of the street, sufficiency show a duty owing by defendant to plaintiff, the breach thereof and injury to plaintiff as a proximate result.

8. **Negligence; Pleading; Sufficiency.**—While very general averments of negligence are sufficient in pleadings, yet such averments should show a causal connection between the negligence and the injury suffered; generally, it is sufficient to aver the facts out of which the duty springs, and the negligent failure to perform such duty, but it is not necessary to define the quo modo, or to specify the particular acts of diligence that should have been employed in the performance of such duty.

9. **Street Railways; Injury on Track; Ordinances.**—Where plaintiff's motorcycle struck a street car rail projecting above the grade of the street, and plaintiff was thrown and injured, counts declaring on negligence in the vio-

[Birmingham, Ensley & Bessemer R. R. Co. v. Stagg.]

lation of ordinances as to the maintaining of street car tracks, the ordinances were admissible, notwithstanding defendant put in evidence his franchise, such franchise not repealing the ordinances, but requiring obedience thereto.

APPEAL from Birmingham City Court.
Heard before Hon. JOHN C. PUGH.

Action by Oscar M. Stagg against the Birmingham, Ensley & Bessemer Railroad Company, for damages for injuries alleged to have been sustained from the negligent construction of its tracks in the street. From a judgment overruling demurrers to the complaint defendant appeals. Affirmed.

Transferred from Court of Appeals.

FORNEY JOHNSTON, and W. R. C. COCKE, for appellant. BEDDOW & OBERDORFER and LOUIS BERKOWITZ, for appellee.

MAYFIELD, J.—The action is to recover damages for personal injuries received in consequence of plaintiff's being thrown from a motorcycle which he was riding along one of the public streets in the city of Birmingham.

The allegation and claim of plaintiff is that he was thrown or caused to fall on account of his motorcycle's coming in contact with one of the defendant's rails laid along or across the street and protruding high above the grade of the street, and so forming an unlawful obstruction of the public highway; and in some of the counts the rail is alleged to have constituted a nuisance, in that it was an obstruction of the highway.

Demurrers were interposed to the counts, on the grounds that no breach of duty owing by defendant to plaintiff was shown, and that the facts alleged did not show the rail in question to have been either an unlawful obstruction of the highway or a nuisance. The demurrers were overruled, and the correctness of this ruling is one of the assigned errors most insisted upon by appellant.

(1, 2) The following principles of law are well settled in this state: "A street railway or street car line upon the streets and highways is not per se a public or a private nuisance, nor a new servitude imposed upon the land, for which the owners of a fee are entitled to compensation, and there is no limit to the use of public streets for the purpose of travel, so long as the use does not unnecessarily interfere with ordinary travel, and is not a substantial impairment of the private rights of property.—*Morris v.*

[Birmingham, Ensley & Bessemer R. R. Co. v. Stagg.]

*Montgomery Co.,* 143 Ala. 246, 38 South. 834."—6 Mayf. Dig. 848.

"Public highways belong to the public from side to side and from end to end. There is no such thing as the rightful, private, permanent use of a public highway, and any person who uses a public highway for his own private use commits an indictable public offense, notwithstanding it may be so used with the permission of the municipal authorities.—*First Nat. Bank of Montg. v. Tyson,* 144 Ala. 457, 39 South. 560."—6 Mayf. Dig. 850.

While this court has made a distinction between the rights and duties of the public where the travel is along or over the track of a street railroad laid at grade on a public highway and where the travel is along or over a track not so laid (*Jones' Case,* 153 Ala. 157, 45 South. 177), and has declared different rules of pleading between cases where the injured plaintiff was a trespasser on the track and cases where he was not a trespasser, but was on the track by right, as at a public crossing or traveling along a street on which the track was laid at grade, yet this doctrine finds no room for operation on a demurrer to the complaint in this case; the negligence attempted to be alleged being the obstruction of a public street, and not interference with plaintiff's right to use the street or to cross the track.' In other words, there is nothing in this complaint to show, even by inference, that plaintiff was a trespasser, or was wrongfully crossing defendant's track.

(3, 4) A street car company having its rails in or across a public street used as a highway by the public must lay and maintain the rails in such position as to cause as little injury or inconvenience to the public as possible. It is usually required by statutes or ordinances, one or both, that street railways laid along public streets shall be laid and kept at the same grade and level as the street, or as nearly so as practicable. Whether in a given case the rails are so laid or kept as to constitute negligence is usually a question of fact, depending upon the particular circumstances, though there may be cases where the court might say as a question of law whether or not there was negligence per se in this particular, and especially if the rails were laid or kept in violation or without authority of a statute or ordinance to that end. But no such case is presented by this record.—Nellis on Street Railways, § 125; *Groves v. L. R. R. Co.,* 109 Ky. 76, 58 S. W. 508, L. R. A. 448; 23 A. & E. Enc. Law, p. 983.

[Birmingham, Ensley & Bessemer R. R. Co. v. Stagg.]

(5) While statutes and ordinances may impose rules for the construction and maintenance of street railways in public streets, and such regulations are usually thus made, yet, independently of such provisions, street railways so using the public streets are bound to so construct and maintain their roads, rails, etc., as that use of the streets by the public shall not be materially impaired or rendered dangerous. Certainly they are bound to do so so far as is practicable and consistent with their use of the streets.

(6) This duty being imposed by law, street railways are, of course, liable to individuals for injuries proximately caused by obstructions in such streets, or other negligence chargeable to such railways, which they could or should have avoided by the exercise of reasonable precaution in the premises. If defects causing injuries to individuals be the result of the street railway's negligence in either the construction or the maintenance of its road in such streets, it must answer in damages for the consequences.—Pearce on Railroads, p. 248; Booth on Street Railways, § 243; Wood on Railroads, p. 757; *St. L. & S. F. R. R. Co. v. Jamar,* 182 Ala. 554, 62 South. 701; *Montgomery St. Ry. Co. v. Smith,* 146 Ala. 316, 39 South. 757; *Bir. Co. v. Alexander,* 93 Ala. 133, 9 South. 525; 29 Cyc. 1177.

(7) It was alleged on this subject that: "The defendant maintained a street railroad over and along, to-wit, Third street, in that part of the city of Birmingham formerly known as Pratt City, and plaintiff avers that on, to-wit, said day, a motorcycle driven by the plaintiff at, to-wit, said Third street, in said part of the city of Birmingham formerly known as Pratt City, came in collision with a rail of defendant's said track on said Third street in that part of the city of Birmingham formerly known as Pratt City, and that plaintiff was precipitated from his said motorcycle to the ground, his leg was broken," etc.

"And plaintiff avers that he suffered said injuries and damages by reason of and as a proximate result of the defendant's negligently permitting said rail to stand high above the level of the street."

Some of the counts, after alleging the facts above, added that the elevation of the rails above the surface of the street was so high as to constitute a nuisance.

These counts, we think, were sufficient to show a duty owing by the defendant to the plaintiff, one of the public, and a breach of that duty and injury to the plaintiff as a proximate result of

[Birmingham, Ensley & Bessemer R. R. Co. v. Stagg.]

such breach, which is all that is required to be alleged, under our system of pleading, in negligence cases.

(8) Very general averments of negligence are sufficient in pleadings. Pleadings, however, should allege or show a causal connection between the negligence and the injury suffered, and it is held sufficient where the complaint charged negligence of the servant to show that he was acting within the line and scope of his duty.—*Amer. Bolt Co. v. Fennell,* 158 Ala. 484, 48 South. 97; 6 Mayf. Dig. 669.

When the gravamen of the action is the alleged nonfeasance or misfeasance of another, as a general rule, it is sufficient if the complaint aver the facts out of which the duty to act springs and that the defendant negligently failed to do and perform. It is not necessary to define the quo modo or to specify the particular acts of diligence he should have employed in the performance of such duty.—*L. & N. R. R. Co. v. Church,* 155 Ala. 329, 46 South. 457, 130 Am. St. Rep. 29; *So. Ry. Co. v. Burgess,* 143 Ala. 367, 42 South. 36; 6 Mayf. Dig., 669.

It follows that there was no error in overruling the demurrer to the complaint.

(9) There was no error in allowing plaintiff to introduce sections 667-674 of the Birmingham Municipal Code. They imposed legal duties on the defendant as to the construction and maintenance of its roads in the streets of Birmingham, and the defendant's charter did not repeal them, but, to the contrary, the charter or franchise of defendant "imposed the duty to maintain the track and rails of the track in such reasonable manner as the city may direct." These sections of the city code were part of the directions of the city council; and, the defendant having introduced its franchise in evidence, the sections of the code were therefore admissible. Moreover, there were counts declaring on negligence in the violation of ordinances of the city of Birmingham as to laying and maintaining street car tracks in the streets, and surely these sections of the code were admissible under these counts.

All the errors assigned and insisted upon have been examined, but we do not deem it necessary to further notice them in this opinion. The counts declaring for a breach of the ordinances were, of course, sufficient; they alleged every fact necessary to state a good cause of action.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.