(85 South. 711)
**TENNESSEE RIVER NAV. CO. v. WALLS.**
(8 Div. 252.)

(Supreme Court of Alabama. May 20, 1920.)

**1. Shipping ⬤—132—Counts held to be based on breach of special contract, and not on breach of common-law or statutory duty.**

In an action against a carrier for failure to transport plaintiff's goods by defendant's steamboats, counts alleging notice to defendant that goods were placed at customary landing and stopping place on the river, and that defendant agreed to take up and load such goods on its steamboats and barges and transport goods to specified landing on the river for an agreed compensation but negligently failed and refused to transport goods, negligently permitting them to be washed away by a flood, *held* based on a breach of a special contract, and not on a breach of the common-law or statutory duty of defendant as a common carrier.

**2. Carriers ⬤—69(2)—Counts based on breach of special contract by agents without alleging authority held demurrable.**

In action against a carrier based on breach of a special contract, counts alleging contract to have been made with defendant's agents *held* demurrable for failure to allege that the agents had authority to make it.

**3. Shipping ⬤—108—Refusal of instruction on issue of whether carrier's special contract was unconditionally to transport goods held error under evidence.**

In action for breach of a special contract to transport ties, wherein there was evidence that the carrier did not agree absolutely and unconditionally to transport but merely to do so whenever a barge could be secured for the purpose, and that it was unable to transport them before they were washed away by a flood, refusal of requested charges hypothesizing such theory of the case *held* reversible error.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by Seaborn J. Walls against the Tennessee River Navigation Company for damages for failure to transport ties. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

The pleadings and the tendencies of the evidence sufficiently appear from the opinion of the court.

The following charges were refused to the appellant:

(2) If Whittaker only agreed to furnish barges whenever he could get one to transport plaintiff's ties, and if the defendant did this, your verdict should be for the defendant.

(4) If Capt. Whittaker did not agree absolutely and unconditionally to transport Walls' ties, but if he only agreed to do so whenever he could get a barge, then plaintiff has not proved his case as alleged, and your verdict should be for the defendant.

Street & Bradford, of Guntersville, for appellant.

Counsel discuss the ruling upon demurrers to counts 3, 4, and 5, and insist that the names or connections of the agents making the contract and receiving the notice alleged should be averred. 183 Ala. 484, 62 South. 845; 175 Ala. 211, 57 South. 477; 7 Ala. App. 374, 62 South. 259; 94 Ala. 191, 10 South. 659; 114 Ala. 199, 21 South. 430. The defendant was entitled to the affirmative charge, and at least to charges 2 and 4.

John A. Lusk & Son, of Guntersville, for appellee.

The navigation company was a common carrier. Section 5520, Code 1907, as amended by Acts 1909, p. 31. As such it had all the duties of a common carrier. Section

5549, Code 1907; 10 Corpus Juris, 65. Contracts made by agents are binding upon their principal, if within the reasonable scope of employment and business. 27 Ala. 336; 10 Corpus Juris, 216. Charges 2 and 4 were properly refused. 5 Ala. App. 596, 59 South. 670; 12 Ala. App. 369, 68 South. 513.

GARDNER, J. Counts 1 and 2 sought recovery of damages for failure to deliver 2,000 cross-ties received by defendant as a common carrier, to be delivered to the plaintiff at Gunter's Landing on the Tennessee river for reward. There was no proof to support these counts, and no insistence seems to have been made upon them in the court below, although the affirmative charge was not asked as to these counts separately. For the purposes of this appeal they may therefore be laid out of view.

[1] As we construe counts 3, 4, and 5, they seek recovery as for breach of a special contract entered into by the defendant company with the plaintiff to transport, by its steamboats and barges, cross-ties placed by the plaintiff at the customary landing and stopping place on the Tennessee river to Gunter's Landing, also on said river. These counts, after alleging notice to the defendant's agents or servants that the cross-ties were so placed, allege such agents thereupon agreed with the plaintiff to take up and load the cross-ties so placed upon said steamboats and barges, and to transport the same to Gunter's Landing on the Tennessee river for an agreed compensation, and that the defendant negligently failed and refused to take up and transport said cross-ties and negligently permitted them to be washed away by flood.

[2] There were specific grounds of demurrer addressed to these counts pointing out that the contract is alleged to have been made with the agents of the defendant and fails to aver that the agents mentioned had any authority in the premises. As previously stated, we construe these counts as seeking recovery upon a breach of a special contract, and not upon a breach of the common-law or statutory duty of the defendant as a common carrier. The demurrer was well taken, and should have been sustained. Cooper v. Slaughter, 175 Ala. 211, 57 South. 477; Addington v. Am. Casting Co., 186 Ala. 92, 64 South. 614. However, as the cause must be reversed for reasons hereinafter stated, it is unnecessary to determine whether this error, under the facts presented, would necessitate such a result.

The evidence for the plaintiff tended to show an agreement on the part of Whittaker, the captain of the boat, absolutely and unconditionally to transport these ties; while the evidence for the defendant was to the effect (Whittaker himself testifying) that there was no such absolute agreement, but it was only agreed to do so whenever a barge could be secured for that purpose, and that for various reasons the barges could not be secured to transport all of plaintiff's cross-ties before the flood.

[3] Charges 2 and 4, refused to the defendant, hypothesize this theory of its case, and we are of the opinion they should have been given, and their refusal is reversible error. The substance of these charges was not touched upon in any given charge, nor in the oral charge of the court. Indeed, the oral charge of the court seems to have proceeded upon the theory that these counts sought recovery for a breach of the common-law or statutory duty owing to the plaintiff rather than for a violation of a special contract, and, also, plaintiff's counsel seem to so insist upon this appeal. But, as stated above, we construe the counts differently. So construing these counts, therefore, it is clear that the defendant was entitled to these instructions.

Other errors assigned seem to be upon rulings largely based upon the theory that the plaintiff seeks recovery for a breach of the common-law or statutory duty, and need not be here separately treated.

For the error indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

