(91 South. 604)
## BIRMINGHAM INFIRMARY v. COE.
### (6 Div. 264.)

(Supreme Court of Alabama. Oct. 20, 1921. Rehearing Denied Nov. 24, 1921.)

**1. Hospitals ⊂⇒7—Improper placing of hot water bottle in patient's bed is negligence.**

In an action against a hospital for personal injuries to plaintiff while being treated, the mere placing of a hot water bottle of 110° in his bed was not negligence, but there was negligence if the bottle was not so covered or placed, or the patient so guarded, as to prevent burning.

**2. Appeal and error ⊂⇒1048(5)—Allowance of unanswered improper question not reversible error.**

The allowance of an improper question, if unanswered, being without prejudice, is not reversible error.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by Edward Coe against the Birmingham Infirmary for damages for personal injuries while being treated. Judgment for the plaintiff, and defendant appeals. Affirmed.

The complaint charges that, while the plaintiff was a pay patient in the defendant's hospital and under his care, he was severely burned and injured by contact with a bottle as a result of the negligence of defendant's servants, who were then engaged in their employment of caring for and attending plaintiff, which negligence consisted in negligently allowing said bottle to come in contact with the plaintiff. The evidence tended to show that plaintiff underwent an operation for appendicitis, and while still under the influence of ether was taken into a room, placed in a bed previously prepared for him,

and committed to the care of the nurses in charge. It was shown without dispute that in major operations it is proper and usually necessary to apply external warmth to the patient, whose vitality is more or less enfeebled by the shock suffered, and that this was properly provided for in this instance by placing a bottle containing hot water in the patient's bed, the temperature of which was 110 degrees Fahrenheit. It is further shown that hot water bottles at that temperature are capable of burning and injuring a patient more or less seriously, according to the point of application and the degree of the patient's vital depression and lack of resistance.

According to the testimony of the nurse in charge and of the head nurse, the rubber water bottle was wrapped twice around with a towel, and, when the patient was placed in the bed, the bottle was placed about 18 inches from his lower body, which was usual and proper, and that the nurse in charge remained in attendance about two hours until he came from under the influence of ether, and became conscious, when she left the room, in which were plaintiff's wife and mother-in-law, and thereafter she was informed by one of them that he was burned by the bottle, which event the nurse testifies occurred only after she left the room. On the other hand, plaintiff and his relatives testify that, when he came from under the influence of ether, he complained that his leg was burning; that he complained of it several times to the nurse, who ignored it, and that after about 10 minutes, at plaintiff's request, his mother-in-law examined him, and found his leg burned and blistered by the bottle, during all of which time the nurse was present.

Among other things the court in its oral charge said to the jury:

"It does not make any difference what the temperature was, if in fact it burned the plaintiff in this case; and the placing of the water in the bed of the plaintiff at that temperature, which did result in his burn, was an act of negligence on its part, whether it was 110 or 210 degrees."

The defendant excepted to the charge. Immediately following that statement, the trial judge further said:

"Under all the evidence in this case, you are simply to decide, whatever the temperature of the water was, whether or not the defendant exercised the ordinary precautions demanded of them, at this time, in view of the condition of the patient, also keeping in view the generally approved customs and methods of other hospitals of like character."

The court refused the following charge requested by the defendant:

"It was not negligence on the part of the defendant to place that hot water bottle, containing water heated at 110 degrees, in plaintiff's bed, if properly protected."

Percy, Benners & Burr, Coleman, Coleman, Spain & Fish, and R. H. Scrivner, all of Birmingham, for appellant.

The court erred in its oral charge, and in refusing the charges requested by the defendant. Counsel cite no authority in support of their contention.

Longshore, Koenig & Longshore, of Columbiana, and W. A. Denson, of Birmingham, for appellee.

Counsel discuss the errors assigned, but cite no authority in support of their contention.

SOMERVILLE, J. [1] Appellant interprets that portion of the oral charge to which exception was taken as an unequivocal instruction to the jury that the mere act of placing the hot water bottle in plaintiff's bed, whatever its temperature, whether 110 or 210 degrees, was under the circumstances an act of negligence. The language of the charge is, indeed, somewhat involved, and may possibly have been understood by the jury in the sense suggested by appellant. But it is also clearly susceptible of the meaning that the temperature of the water made no difference, whether it was 110 or 210 degrees, if in fact it burned the plaintiff, and *if* its placing in the bed at such a temperature was an act of negligence. Reading the quoted language in connection with its context, and in the light of other pertinent portions of the oral charge, we think the latter interpretation is the more natural and reasonable of the two, and more probably expresses the meaning intended; the stress being laid on the negligent contact and the actual burning that resulted.

In requesting the instruction that placing the bottle in the bed at a temperature of 110° Fahrenheit was not negligence, if properly protected, defendant's counsel no doubt had in mind the ambiguity of the quoted portion of the oral charge, and intended to make it clear. Undoubtedly, the mere fact of placing such a bottle in the bed, being usual and proper, was not in itself negligence. But either it should have been so covered as to prevent burning in case of contact with the patient, or it should have been so placed, or the patient so watched and guarded, as to avoid any contact of sufficient duration to burn and injure. The refused instruction recognized the first alternative, but ignored the latter, which was the more obviously important, under the inferences deducible from the evidence. As framed, it would have been misleading by reason of the incompleteness of its qualification of nonnegligence.

[2] The question allowed to be propounded to the attending nurse as to the temperature of water required for the sterilization of instruments was not answered by her, and, if

improperly allowed, it was without prejudice.

No other assignments of error are insisted upon, and we find nothing which would justify a reversal of the judgment.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.