(96 South. 266)

TENNESSEE RIVER NAV. CO. v. WALLS.
(8 Div. 558.)

(Supreme Court of Alabama.   April 26, 1923.)

1. Appeal and error ☞1075—Assignments on rulings as to counts not argued held waived.

Counsel's statement that they confined their attention to the rulings on demurrer to specified counts was a waiver of other assignments based on rulings as to another count.

2. Evidence ☞314(5) — Witnesses ☞255(2) Shipper's testimony as to his recollection of number of ties he had ready for shipment held competent.

In an action against a navigation company for failure to transport ties, shipper's testimony that he had "about" the number of ties indicated, that he was giving "his recollection" of the number, that he had taken the ties up and paid for them, and had refreshed his recollection by inquiring of the sellers and from some checks he had issued, and from his personal recollection, was competent to show the number of ties at the several landings.

3. Witnesses ☞161—Conversation in presence of persons since deceased held admissible.

In an action against a navigation company for failure to transport ties, plaintiff's testimony of conversation had with captain of one of defendant's boats, not to show special contract for transportation, but to fix notice on defendant of shipment, or desire to ship and to establish cost of transportation as affecting damages, had in the presence of two other persons since deceased, held not forbidden by Code 1907, § 4007.

4. Evidence ☞471(3)—Evidence of shipper's readiness to load held not conclusion.

In an action against navigation carrier for failure to transport ties, shipper having testified he was to load and unload on a barge, but not on the boats, his testimony that he was ready to load and unload them on the barge was not a conclusion.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Shipping ⬡132(5)—Evidence of number of men employed in same business held immaterial in action for failure to transport freight.**

In an action against a navigation carrier for failure to transport ties, evidence of extent of the tie traffic, or number of men employed on the river between given points in that enterprise, or business, was immaterial; it not being shown how such facts affected the implied contract relation between the parties.

**6. Trial ⬡251(3)—Charges relating to carrier's discrimination held properly refused as inapplicable.**

In an action against a carrier for failure to carry freight, requested instructions as to carrier's discrimination *held* properly refused; there being no such issue of pleading.

**7. Shipping ⬡132(5)—In action for failure to transport freight requested instruction held misleading.**

In an action against a navigation carrier for failure to carry ties, requested instruction that there could be no recovery by plaintiff, who claimed defendant discriminated against him by carrying freight placed on the river after plaintiff's ties were placed on the river, *held* properly refused as misleading.

**8. Shipping ⬡132(5)—Requested instruction that there was no evidence that shipper's goods were entitled to priority of transportation held properly refused.**

In an action against a navigation carrier for failure to transport ties, it was not error to refuse defendant's requested instruction that there was no evidence that plaintiff's ties were entitled to priority over the freight that the defendant did carry, where the captain of one of defendant's boats testified for defendant that plaintiff told him to pick up the ties, and that defendant was loading and unloading freight at every landing and took everything offered him if the boat could carry it.

**9. Appeal and error ⬡1215—Instructions contrary to rulings on prior appeal properly refused.**

Requested instructions contrary to the ruling on a prior appeal in the same case were properly refused.

**10. Appeal and error ⬡843(4)—Assignments on counts of complaint which were withdrawn need not be considered on appeal.**

Assignments of error referring to counts of the complaint which were withdrawn by plaintiff during the trial, and eliminated by the court's instructions, need not be considered on appeal.

**11. Shipping ⬡132(6)—Requested instruction in action for failure to carry freight held properly refused as misplacing burden of proof.**

In action against a navigation carrier for failure to carry ties, requested instruction by defendant that, if plaintiff understood that a flood was coming which might wash away his ties, or if he should have understood such fact, the burden of proof was on him to prove that he exercised reasonable diligence to prevent the ties being washed away, was properly refused

as misplacing the burden of proof of contributory negligence.

**12. Trial ⬡133(6) — Court's action held to remedy error in improper argument.**

Argument of counsel for plaintiff that he was entitled to a verdict for a substantial amount, and that "two previous juries which have tried this case agreed with me," was remedied by court in overruling motion for mistrial by telling the jury that the argument was improper, and that they should disregard it, and that it was immaterial to the jury what previous juries had done, but that they should decide the case solely on the evidence before them.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action for damages for failure to transport cross-ties by Seaborn J. Walls against the Tennessee River Navigation Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

See, also, Tenn. River Nav. Co. v. Walls, 18 Ala. App. 305, 92 South. 202.

The following charges were refused to defendant:

(1) The court charges the jury that, if the defendant utilized the transportation facilities reasonably obtainable for the transportation of freight, and if such facilities were fully occupied at nearly all times with carrying freight of a more perishable nature than cross-ties, and if the defendant transported plaintiff's ties whenever it could reasonably procure facilities for doing so, then your verdict should be for the defendant.

(10) In the absence of an agreement to the contrary, a steamboat corporation engaged in the business of carrying freight for the public for hire on Tennessee river between Decatur and Chattanooga may, if it elects to do so, devote its entire facilities to the carrying of freight of a more perishable nature, when reasonably required for that purpose, to the entire exclusion of freight of a less perishable nature.

(25) The court charges the jury that there can be no recovery by the plaintiff in this case on the claim that the defendant discriminated against him by carrying freight which was placed on the river after plaintiff's ties were placed on the river.

(26) The court charges the jury that there is no evidence that plaintiff's ties were entitled to priority of transportation over the freight that the defendant did carry.

(9) If defendant's steamboats and barges, which were reasonably available for the traffic between Chattanooga and Decatur, when leaving Chattanooga for Decatur, became loaded to capacity with freight before reaching plaintiff's ties, and if they continued so loaded until they had passed beyond his ties and had reached Gunter's landing with freights destined for points below plaintiff's ties, and if on their return trips from Decatur they became loaded to capacity before reaching plaintiff's ties with freight destined for points on said river above

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

plaintiff's ties, then defendant was under no duty to take on board and transport said ties in the absence of special agreement to the contrary, and if this was true each time that defendant failed to carry plaintiff's ties, your verdict should be for the defendant.

(12) If a steamboat corporation engaged in the business of carrying freight for the public for hire on Tennessee river between Decatur and Chattanooga does not agree specially to carry all freight that may be offered it for transportation or does not hold itself out to the public as ready and willing to carry all freight that may be offered it for transportation, it is not under duty to carry all that may be offered it, but in such case it is under duty to carry so much freight only as it reasonably can carry with the facilities it possesses or controls, and if in such case its said facilities prove insufficient to carry all the freight that is offered it for transportation, it is under no duty to increase its facilities beyond what it voluntarily chooses to provide. And in such case such steamboat corporation is not required to distribute its service proportionately to all points along its route, but may load up its boat or barge to its capacity with the freights first reached by it on any trip and may decline other freights on its route after securing its capacity load so long as it has its capacity load on board.

(19) If plaintiff understood that a flood was coming which might wash away his ties, or if he should have understood this by reasonable exercise of his wits in the light of his knowledge and common experience, then the burden of proof is on the plaintiff to prove that he exercised reasonable diligence to prevent his ties being washed away, and, if he has not proved this to your reasonable satisfaction, your verdict should be for the defendant.

During the trial plaintiff testified that on one occasion he had a conversation with S. C. Whitaker in defendant's office in Chattanooga, when one Wilkey and one McKee were present. He was asked to give the conversation had with Whitaker alone. Defendant objected on the ground that both Wilkey and McKee were dead. The objection was overruled.

Street & Bradford, of Guntersville, for appellant.

Count 10 was demurrable, in not averring that defendant's failure to transport was wrongful. Mott v. Jackson, 172 Ala. 448, 55 South. 528. Any part of the conversation between the plaintiff and Whitaker, Wilkey and McKee, the two latter being dead, was inadmissible. Code, § 4007; Louis' Adm'r v. Easton, 50 Ala. 470; Boykin v. Smith, 65 Ala. 294; Dismukes v. Tolson, 67 Ala. 386; Miller v. Cannon, 84 Ala. 59, 4 South. 204; Wood v. Brewer, 73 Ala. 259; German v. Brown, 145 Ala. 364, 39 South. 742. The magnitude of the cross-tie business along defendant's route was material, as showing whether there was more business than defendant could handle. Tenn. River Nav. Co. v. Walls, 18 Ala. App. 305, 92 South. 202; 10

C. J. 66. Because of the improper argument of counsel for plaintiff a mistrial should have been entered. Birmingham Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; Florence Cotton & Iron Co. v. Field, 104 Ala. 471, 16 South. 538; Tannehill v. State, 159 Ala. 52, 48 South. 662; East. Tenn. Co. v. Carloss, 77 Ala. 443.

John A. Lusk & Son, of Guntersville, for appellee.

Counts 10 and 12 were in Code form and the breach of duty clearly appeared. Tenn. River Nav. Co. v. Walls, 18 Ala. App. 305, 92 South. 202. The death of a mere bystander does not render evidence inadmissible. Code, § 4007. Whatever effect the improper argument may have had on the jury was removed by the prompt action of the court. Sup. Lodge, etc., v. Gustin, 202 Ala. 246, 80 South. 84; B. R., L. & P. Co. v. Sloan, 199 Ala. 268, 74 South. 359; L. & N. R. Co. v. King, 198 Ala. 168, 73 South. 456.

THOMAS, J. [1] The charge of the court shows the trial was had on counts 10, 11, and 12; other counts being withdrawn by plaintiff's counsel. Assignments of error challenge the action of the court in overruling demurrer to said counts. Appellant's counsel state they shall confine their "attention" to the rulings on demurrer to counts 10 and 12. This was a waiver of other assignments based on rulings as to count 11. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 South. 158.

This is the third appeal. Tennessee River Nav. Co. v. Walls, 204 Ala. 285, 85 South. 711; Id., 18 Ala. App. 305, 92 South. 202. On last appeal counts 10 and 12 were before the Court of Appeals, and held not subject to the grounds of demurrer interposed. The decision therein does not appear to have been brought to this court by certiorari for review. The circuit court followed that decision on the last trial. However, we have considered the grounds of demurrer assigned to counts 10 and 12, summarized as follows: (1) Because the facts averred showed no duty by defendant; (2) it is not averred that defendant, by the exercise of reasonable diligence, could have transported the ties; and (3) it is not averred that defendant was guilty in not transporting the ties. The counts were based "upon a breach of the implied contract" of a common carrier to accept and transport the goods and material described (Mott v. Jackson, 172 Ala. 448, 55 South. 528), and they are sufficient under the statute (Code 1907, §§ 5520, 5549; Tennessee River Nav. Co. v. Walls, supra).

[2] The plaintiff testified that he had "about" the number of ties indicated; that he was giving "his recollection" of the number at each landing; that he "had taken the ties up (and paid for them)," and had refreshed

his recollection by inquiring of the persons of whom he bought the ties at the several landings named, and from "some checks he had which he had issued for the ties and from his personal recollection he had given the figures above mentioned." There was no error in overruling defendant's motion to exclude the testimony tending to show the number of cross-ties at the several landings. Tennessee River Nav. Co. v. Walls, 204 Ala. App. 285, 92 South. 202, 205; Holmes v. Gayle, 1 Ala. 517; Hamilton v. Cranford Merc. Co., 201 Ala. 403, 78 South. 401.

[3] The conversation with Mr. Whitaker, captain of one of defendant's boats on said line, was not for the purpose of showing that there was a special contract made with him for the transportation of the "ties," but as tending to fix notice on defendant of such shipment or the desire to ship, and to establish the reasonable cost of the transportation as affecting the damages sustained by failure of defendant to transport the same. The evidence was not forbidden by section 4007 of the Code of 1907.

[4] Plaintiff, having testified that he was to "load and unload the ties on the barge, but not on the boats," was properly permitted to testify that he was "ready to load and unload them" on the barge. His statement was of fact, and not a conclusion of the witness. Birmingham Ledger Co. v. Buchanan, 10 Ala. App. 527, 537, 65 South. 667; Robinson & Co. v. Greene, 148 Ala. 434, 43 South. 797.

[5] The extent of the cross-tie traffic, or the number of men employed on the Tennessee river between Chattanooga and Decatur "in the spring of 1917" in that enterprise or business, was immaterial to the inquiry. It was not offered to show how such fact entered into or affected the implied contract relation or duties of the instant parties—a common carrier by navigation and one of the public entitled to service.

[6-8] The oral charge, when considered as a whole, was without error as to parts to which exception was reserved. Tennessee River Nav. Co. v. Walls, 18 Ala. App. 305, 92 South. 202, 205 (5, 7). Nor was there error in refusing defendant's charges 1 and 10. There was no issue of pleading that defendant discriminated against plaintiff in the carriage of freight. Charge 25 was misleading. Charge 26 is what is called a "no evidence charge." Defendant's witness Whitaker testified that plaintiff told him to pick up the ties; that defendant company was loading and unloading from its boat freight "at every landing" "and took everything offered him, if the boat could carry it."

[9] Charges 9 and 12 were contrary to the ruling on last appeal. Tennessee River Nav. Co. v. Walls, 18 Ala. App. 305, 92 South. 202, 205; 5 Am. & Eng. Ency. Law (2d Ed.) p.

177; 2 Hutchinson on Carriers (3d Ed.) §§ 511, 512, p. 557; Ocean Steamship Co. v. Savannah L. W. & S. Co., 131 Ga. 831, 63 S. E. 577, 20 L. R. A. (N. S.) 867, 127 Am. St. Rep. 265, 15 Ann. Cas. 1044; H. & T. C. Ry. Co. v. Smith, 63 Tex. 322.

[10] Assignments of error 1, 2, 3, 22, 23, and 24, having reference to counts 7, 8, and 9, need not be considered; those counts being withdrawn by counsel for plaintiff during the trial, and the jury instructed by the court that such issues were eliminated. So the charges relating to special contracts covered in the eliminated counts were properly refused. The case, being tried on counts 10, 11, and 12, rested on the common-law and statutory duty of such common carrier to one of the general public it was required to serve within the line and scope of its business and under the special circumstances entering into the discharge of that duty as a common carrier engaged in river navigation. Charges numbered 13, 15, 16, 17, 18, 20, 22, 27, 28, and 30 were properly refused; no special contract being declared upon.

[11] Refused charge 19 sought to misplace the burden of proof of contributory negligence on plaintiff.

[12] In argument plaintiff's counsel expressed the opinion that a verdict should be for "plaintiff for a substantial amount, and two previous juries which have tried this case agreed with me." Defendant objected to the argument and moved the court to discharge the jury and enter a mistrial of the cause. The court overruled the motion, but sustained the objection of defendant's counsel to this improper argument, saying to the jury that the argument was improper and the jury should disregard it; that it was immaterial to the jury what previous juries had done, and the jury should decide the case solely on the evidence before it. This intervention of the court was sufficient to remove any adverse influence this argument had on the jury. B. R., L. & P. Co. v. Sloan, 199 Ala. 268, 74 South. 359; L. & N. R. Co. v. King, 198 Ala. 168 (3), 73 South. 456; B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; Jackson Lbr. Co. v. Trammell, 199 Ala. 536, 539, 546, 74 South. 469; Clark-Pratt Cotton Mills Co. v. Bailey, 201 Ala. 333, 77 South. 995; Birmingham Waterworks Co. v. Watley, 192 Ala. 520, 526, 68 South. 330; Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 South. 74; L. & N. R. Co. v. Cross, 205 Ala. 626, 88 South. 908; T. C., I. & R. Co. v. Spicer, 206 Ala. 141, 89 South. 293; Birmingham Infirmary v. Coe, 206 Ala. 687, 91 South. 604. In the cases of Moulton v. State, 199 Ala. 411, 419, 74 South. 454, and Tannehill v. State, 159 Ala. 51, 48 South. 662, the appeal was to what is called in the law books race prejudice; and in B. R., L.

& P. Co.' v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037, Florence C. & I. Co. v. Field, 104 Ala. 471, 480, 16 South. 538, East Tenn., Va. & Ga. R. Co. v. Carloss, 77 Ala. 443, and Watson v. Adams, 187 Ala. 490, 65 South. 528, Ann. Cas. 1916E, 565, the appeal was to .class prejudice. Such was not the character of the improper argument that was promptly and explicitly condemned and excluded by the court in the instant case.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.