## LOUISVILLE & N. R. CO. v. ATKINSON.
### (5 Div. 534.)

(Court of Appeals of Alabama. April 21, 1925. Rehearing Denied May 19, 1925.)

1. Trial ⬅⟿139(1)—General affirmative charge for defendant properly refused, where evidence supported plaintiff's theory of the case.

Where there was abundant evidence to support plaintiff's theory of the case, general affirmative charge for defendant, as to complaint as a whole or any one of its counts, was properly refused.

2. Trial ⬅⟿260(1)—Refusal of defendant's charge not erroneous, where covered by court's oral charge.

Refusal of defendant's charge held not erroneous, where covered by court's oral charge stating law correctly.

3. Trial ⬅⟿119—Remarks of counsel as to amount of verdict in another case held improper.

In passenger's action for injuries, remarks of plaintiff's counsel concerning amount of verdict in another case were improper.

4. Trial ⬅⟿132—Improper remarks of counsel held not prejudicial.

In passenger's action for injuries, improper remarks of her counsel concerning amount of verdict in another case held not prejudicial, in view of action taken by court and voluntary retraction thereof by counsel.

5. Appeal and error ⬅⟿1003—Reviewing tribunal cannot say whose testimony should weigh more in minds of jurors.

Reviewing tribunal cannot say whose testimony should weigh more in minds of jurors.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Action for personal injury by Pearl Atkinson against the Louisville & Nashville Railroad Company. Judgment for plaintiff for $1,000, and defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte L. & N. R. R. Co., 104 So. 837.

Lawrence F. Gerald, of Clanton, for appellant.

Where a count charges the facts upon which a general charge of negligence is based, it is defective, unless the facts averred show a sufficient cause of action. Johnson v. B. R., L. & P. Co., 149 Ala. 529, 43 So. 33; McCary v. A. G. S., 182 Ala. 597, 62 So. 18. Where a specific act is charged as negligence, it must be shown that such act was the proximate cause of the alleged injuries. Wadsworth Red Ash Coal Co. v. Scott, 197 Ala. 361, 72 So. 542; Garrett v. L. & N., 196 Ala. 52, 71 So. 685; Mo. Pac. v. Columbia, 65 Kan. 390, 69 P. 338, 58 L. R. A. 399; Tobler v. Pioneer Co., 166 Ala. 482, 52 So. 86. Where counsel, in hearing of jury, comments upon the amount awarded in a similar case, such argument is improper, and in absence of sufficient action on the part of the court, the case should be withdrawn from the jury. Anderson v. State, 209 Ala. 36, 95 So. 178; Ala. F. & I. Co. v. Wiliams, 207 Ala. 99, 91 So. 879; L. & N. v. Cross, 205 Ala. 626, 88 So. 908; Standridge v. Martin, 203 Ala. 486, 84 So. 266; Ala. F. & I. Co. v. Benenante, 11 Ala. App. 644, 66 So. 942.

Altman & Taylor, of Birmingham, Fred G. Koenig, of Columbiana, and Victor J. Heard, of Clanton, for appellee.

General averments of negligence are sufficient. Shelby Iron Co. v. Morrow, 209 Ala. 116, 95 So. 372; Ga. Pac. v. Davis, 92 Ala. 300, 9 So. 252, 25 Am. St. Rep. 47; Birmingham E. & B. Co. v. Stagg, 196 Ala. 612, 72 So. 164. No reversible error is shown where it appears that, after objection to remarks of counsel, such counsel withdraws the statement and the court directs the jury not to consider same. L. & N. R. Co. v. Cross, 205 Ala. 626, 88 So. 908; T. R. N. Co. v. Walls, 209 Ala. 320, 96 So. 266. The question of negligence is for the jury, where the evidence

is conflicting. Bayliss Case, 74 Ala. 151; Montgomery v. Wright, 72 Ala. 411, 47 Am. Rep. 422; Mouton v. L. & N., 128 Ala. 546, 29 So. 602.

RICE, J. Appellee brought this suit against the appellant for the recovery of damages, which she claims to have sustained as a passenger on one of its trains, while alighting from the car at Jemison, Ala., the point of destination. The evidence for the plaintiff tended to show that she was a passenger on the train of the defendant on the day charged, and that, as she was alighting therefrom at Jemison, she stepped on some obstruction, fell, and was injured severely, from which injuries she suffered much excruciating pain for a long period of time; that the train stopped almost over a "switch box"; that it was dark at the time and she could not see; and that she was not warned as to the danger involved in alighting. The plaintiff testified that in falling she hit her back on the edge of the steps of the car.

The testimony for the defendant tended to show that the train stopped on the station grounds; that the obstruction in question was not in such a position that the plaintiff could have been injured by stepping on same, or that she could have stepped thereon in alighting; that the exit from the car was properly lighted, and that the trainmen did not know of the existence of any obstruction involving any danger to the plaintiff; that she merely stumbled and started to fall, but that she did not strike the car or other object in falling; that the place at which the plaintiff alighted was a safe and proper place for her to alight; that plaintiff's injuries were of a minor nature.

Appellant's counsel have made, it seems to us, an unnecessarily large number of assignments of error in order to present the comparatively few questions of law involved on this appeal; there being 102 of said assignments. But, treating them by groups, as best we may, after the manner pursued in said counsel's brief, we will endeavor to have our opinion touch upon them all.

No useful purpose could be served by our undertaking to restate the law governing cases of this nature, as it has been laid down for our guidance by the Supreme Court. Suffice to say that we have examined each of the counts of the complaint in the light of the numerous criticisms pointed out by appellant's demurrers, and we are of the opinion that each of said counts stated a substantial cause of action and was not subject to any of the objections urged. It follows that no error was committed by the trial court in overruling any of the demurrers to any of the said courts. Franklin v. So. Ry. Co., 196 Ala. 118, 72 So. 11; Shelby Iron Co. v. Morrow, 209 Ala. 116, 95 So. 372; Ga. Pa. Ry. Co. v. Davis, 92 Ala. 300, 9 So. 252, 25 Am. St. Rep. 47; Birmingham E. & B. Co. v. Stagg, 196 Ala. 612, 72 So. 164.

[1] There was abundant evidence to support plaintiff's theory of the case, as stated in the various counts of her complaint, and there was no error in refusing to give the general affirmative charge in favor of the appellant as to the complaint as a whole, or as to any one of the counts composing same. Tobler v. Pioneer, etc., Co., 166 Ala. 482, 52 So. 86.

[2] We do not think the evidence in the case justified the giving of appellant's charge No. 6, the refusal of which is made the basis of. its assignment of error No. 99. The court's oral charge, in view of the evidence, stated the law on this question, we think, correctly, and its action in refusing to give the said charge No. 6 was proper.

[3-5] The remarks of plaintiff's counsel to the court, in the hearing of the jury, concerning the amount of the verdict in another case (just before read to the court), were highly improper and uncalled for. But we are unable to say that any injurious effect said remarks may have had as against the defendant were not completely eradicated by the action taken by the court, and by the voluntary retraction of said remarks by the said counsel. The amount of the verdict, while large viewed in the light of the defendant's testimony, yet, viewed in the light of that of the plaintiff, does not strike one as being out of proportion. We, of course, cannot say whose testimony should weigh more in the minds of the jurors. No reversal will be predicated on the court's action in refusing appellant's motion to declare a mistrial and order a continuance of the case because of the remarks of plaintiff's counsel alluded to L. & N. R. Co. v. Cross, 205 Ala. 626, 88 So. 908.

We have given careful consideration to all of the assignments of error argued by counsel for appellant in their able brief filed on this appeal. In none of them do we find that the ruling of the court complained of was infected with error prejudicial to any right of the defendant.

Let the judgment be affirmed.

Affirmed.

## On Rehearing.

The court's principal purpose in making this slight extension to its opinion, formerly rendered in this case, is to say that the expressions used in same with reference to the number of assignments of error made by appellant were not intended as a criticism of counsel, but were meant to be by way of helpful suggestion. The rule adverted to by counsel, laid down in the case of Wheeler et al. v. Fuller, 4 Ala. App. 532, 58 So. 792, was expressly overruled by the Supreme Court in Cahaba Coal Co. v. Elliott, 183 Ala. 298, 62 So. 808, and it occurred to us that

assignments made in accordance with what was said in the Cahaba Coal Company Case would simplify the labor of both the counsel and the court.

Counsel for appellant, on this application, renew their argument that the trial court committed reversible error in refusing to withdraw the case from the jury and order a mistrial because of certain remarks of plaintiff's counsel in their hearing. We adhere to what we have already said in this regard, with the additional observation that the case of Tenn. River Nav. Co. v. Walls, 209 Ala. 320, 96 So. 266, presents, in many respects, a similar situation, and seems an authority for our holding.

The other questions dealt with do not impress us as presenting a cause for the reversal of the case, and the application is overruled.

Overruled.